# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

CA.

CA 07 341 ML

Jirah Eric Kelley
Plaintiff

V.

Governor Donald Careiri
Director A.T. Wall
Warden James Weeden
Warden Boyd
Dr. Micheal Poshkus
Rhode Island Board of Health
Rhode Island Fire Marshall

A 42 U.S.C.
Sec. 1983
Lawsuit Invoking
Pendent Jurisdiction: U.M.W. V. Gibbs
383 U.S. 715 (1966)

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.**

## JURISDICTION

This complaint is boughtforth pursuant to 42 U.S.C.§1983.

This plaintiffs rights have and continue to be violated, under the U.S. Bill Of Rights and the 14th. Amend. Of The United States, and all the applicable law, statutes and mandates governing federal protection.

Seeking (ADMENDMENT) as to this complaint for issues arising and/or stemming from this complaint.

see; MONROE V. PAPE, 365 U.S. 167 -174, 81 S.Ct. 473, 477, 5 L.Ed. 2d. 492, 498 (1961)

This case (amendment) incorperates "respondeat superior" and "supervisory officials"

The (officials) have violated and continue to violate the plaintiffs rights by acting in an illgal manner and abusing their authority under " color of state and federal law ".....

"Responddeat superior"
See; WILLIAMS V. SMITH, 781 F2d. 319-324 (2d. Cir.)

**ANOTHER ISSUE FOR LITIGATION**
**FORMULATED AND PRESENTED.**

**FORCED DOUBLE BUNKING FOR A MENTALLY ILL MAN.**

1a) The plaintiff advised the Assistant Director, and housing officers at medium security that he could NOT be placed in double man cell because of his extensive mental health issues that were well documented.

1b) plaintiff furnished the entire administration with these documents.

1c) plaintiff was placed in segregation on mental health observation status for 9 days and given medication.

1d) Dr. Friedman diagnoised the plaintiff as being a "moderate risk" to others safety if placed in a double cell, a higher risk if non-compliant with his mental medication regim.

1e) The warden (Boyd), the Asst. Dir. (Gadsden), two lt(s) and the Dir. Of Medical (Poshkus aswell as R.I.D.O.C. legal all received good faith claim letters and the supportive exhibits attached.

Rather than place plaintiff in one of the hundreds of single cell(s) the defendants (because of overcrowding in violati on of the consent decree/breach of contract) were/are deliberartl -y indifferent to the plaintiffs illness and put him in a double cell on a bottom bunk regardless of his 300 pound weight and documented back spasm(s). The defendants ignored all medical slip -s and have placed the lives of any cell mates and this plaintiff in jeopardy because of economic concerns/budgetary restraints.

**PRAYER FOR RELIEF:** $100,000. and a court ORDER for single cell placement.

**Inter-Departmental Memo**

7-23-07

TO: Inmate Kelley, Jirah #96357 Hope-2/H2-23

DEPT: Maximum Security

FROM: Lieut. J. Jankowski

DEPT: Medium Security, Education Unit

SUBJECT: Memo received, Dated "June 2007".

Dear Inmate Kelley:
I received your "Good Faith Claim", and reviewed the contents. I must say it made for interesting reading, however; I'm at lost for relevance as far as I'm concerned. You must have received old information as I have not had anything to do with housing assignments in over 4 years. I'm presently assigned to the Education area which does not include housing assignments. I will forward your letter to Lieut. Ceresi who is presently the housing Lieutenant tasked with these assignments. As you are still at Maximum, it is my guess that you will remain there, but if you feel the need to write forward any requests of this nature to the above lieut.

EX H

AFFIDAVIT

My name is Ward W. Weizel, I am an attorney licensed to practice law within the Commonwealth of Massachusetts.

Since 1999 I have represented the defendant, Eric Kelley, in regards to his SSI benefits.

At the present time I have extensive Social Security Disability records concerning Mr. Kelley's disability.

I was Mr. Kelley's former representative payee. The Social Security Administration would not allow Mr. Kelley to have his benefits directly as it deemed him not capable of handling his own finances.

Mr. Kelley was placed on SSI benefits due to numerous psychiatric problems. In my interaction with Mr. Kelley I was able to appreciate that Mr. Kelley could not organize his finances.

In addition, Mr. Kelley was unable to interact with anyone at the numerous halfway houses and programs which he was in residence.

Signed under the pains and penalties of perjury.

Ward W. Weizel (signature) 5/12/05

Ward W. Weizel Date

**PLACEMENT IN MEDIUM ONE OR MEDIUM TWO.**

Being subjected to (DOUBLE BUNKING) would violate the American Disability Act. I here-by make it part of the record that my mental health issues prohibit placement in a double cell and would create liabilty on behalf of the R.I.D.O.C. for me and a [cellmate]

ARRAIGNMENT: (016)
ARG-DATE: 08/02/01 PD: BRO COURT: BROCKTON DISTRICT
OFF: ASSAULT POOL STICK DKT#: 0115CR006249A
DISP: C 10/15/01 G $300 FINE C 5/31/02 3/27/02 REMIT ASLT
STATUS: C WPD:

ARRAIGNMENT: (017)
ARG-DATE: 08/02/01 PD: BRO COURT: BROCKTON DISTRICT
OFF: LARCENY LESS DKT#: 0115CR006249B
DISP: C 10/15/01 DISM LAR LESS
STATUS: C WPD:

ARRAIGNMENT: (018)
ARG-DATE: 07/31/01 PD: D31 COURT: MIDDLESEX SUPERIOR
OFF: A&B DANGEROUS WEAPON SCRUB BRUSH DKT#: 2001462001
DISP: C 10/5/01 DF 10/16/01 D/R C 1/10/02 2 YRS HC, SS, A&B DW
PROB 1/10/04 VN 8/14/03 VOP 2YR CMTD STATUS: C WPD:

ARRAIGNMENT: (019)
ARG-DATE: 07/31/01 PD: D31 COURT: MIDDLESEX SUPERIOR
OFF: A&B DANGEROUS WEAPON BROOM HANDLE DKT#: 2001462002
DISP: C 10/5/01 DF 10/16/01 D/R C 1/10/02 FILE A&B DW
STATUS: C WPD:

ARRAIGNMENT: (020)
ARG-DATE: 07/31/01 PD: D31 COURT: MIDDLESEX SUPERIOR
OFF: A&B DANGEROUS WEAPON BROOM HANDLE DKT#: 2001462003
DISP: C 10/5/01 DF 10/16/01 D/R C 1/10/02 2 YRS HC, SS, A&B DW
PROB 1/10/04 VN 8/14/03 VOP 2YR CMTD STATUS: C WPD:

ARRAIGNMENT: (021)
ARG-DATE: 01/31/01 PD: D31 COURT: AYER DISTRICT
OFF: A&B DANGEROUS WEAPON BROOM HANDLE DKT#: 0148CR0096A
DISP: C 8/3/01 NP A&B DW
STATUS: C WPD:

ARRAIGNMENT: (022)
ARG-DATE: 01/31/01 PD: D31 COURT: AYER DISTRICT
OFF: A&B DANGEROUS WEAPON DUST BRUSH DKT#: 0148CR0096B
DISP: C 8/3/01 NP A&B DW
STATUS: C WPD:

ARRAIGNMENT: (023)
ARG-DATE: 03/28/96 PD: BRO COURT: PLYMOUTH SUPERIOR
OFF: ARMED ROBBERY DKT#: 97758
DISP: 2/10/97 5YRS & 1DA CMTD (CRED TIME SERV) ROB ARM
STATUS: C WPD:

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

August 22, 2007

Jirah Eric Kelley
P. O. Box 8273
Cranston, R. I. 02920

Dear Mr. Kelley:

Please be advised that I am in receipt of your letter dated July 22, 2007 concerning double bunking.

In your letter, you indicate that because of psychiatric conditions, you are unable to be double-celled with other inmates. Please be advised that in order to properly address this concern, you need to correspond with the warden of your facility, as well as your psychiatrist.

Very truly yours,

Michael B. Grant
Deputy Chief Legal Counsel

MBG:c

**RHODE ISLAND DEPARTMENT OF CORRECTIONS**
**INSTITUTIONS AND OPERATIONS**

**INTER-OFFICE MEMORANDUM**

**TO:** **Inmate Jirah Eric Kelley**
**ID #96357**
**Maximum Security**

**FROM:** Jake Gadsden, Assistant Director
Institutions and Operations

**DATE:** August 27, 2007

**SUBJECT:** **RESPONSE TO YOUR LETTER RECENT LETTER**

---

Inmate Kelley, this is in response to your letter dated 10/10/07, which I am guessing should read 8/10/07, as October 2007 is two months away. I am forwarding a copy of your letter to Dr. Friedman with some questions that I need him to address before making my decision to move you to a single cell.

I trust this letter addresses your concerns.

JG:crc
c: F. Friedman,
File