# Parties

CA 07 341 ML

Jirah Eric Kelley is serving a Massachusetts prison sentence, and was sent to the R.I.D.O.C. (ACI) via the New England Interstate Compact Agreement. He is dually in the constructive care & custody of the Massachusetts & Rhode Island prison officials.

At All times mentioned he is the plaintiff.

Governor Donald Carcieri is the Governor of Rhode Island, in his official capacity he is responsable for the Dept. of Corrections (ACI) facility measures in the same manner as his predessors Gov(s) Joseph Garrahy & Bruce Sundlin Gov. At all times Carcieri is a defendant.

Parties (continued)

3) <u>Ashbel T. Wall II (A.T. Wall)</u> is the Director of Corrections in Rhode Island (R.I.D.O.C.) pursuant to R.I.G.L. sec. 42-56-6 and 10, and is inter alia, responsible for managing, directing, supervisory capacity, operations, superintendent, Policy overseer, overall coordinator, and a member of the Governors Justice Oversight Committee Pursuant to R.I.G.L. sec. 42-26-1 et. seq. At all times he is a <u>defendant</u> in his professional capacity.

# Parties (continued)

4) Warden James Weeden

is the warden of the ACI maxium security building, swoarn to oversee its orderly, constitutionally sound running. He is at all times a defendant.

5) Warden Boyd

is the warden of the ACI medium security building, swoarn to oversee its orderly, constitutionally sound running.

He is at all time a defendant.

# Parties (continued)

6) Medical Director Micheal Poshkus (M.D.)

Is the Senior Medical Administrator in his professional capacity, and is ethically bound and swoarn to disperse adequate medical care in the R.I. D.O.C. Pursuant to Estelle V. Gamble 429 U.S. 97 50 L.Ed. 2d. 251, 97 S.Ct. 285

at all times, he is a defendant concerning all medical claims.

# Parties (continued)

7) The Rhode Island Board of Health (governing administration) failed, refused to comply with its swoarn duty to public interest concerning the extensive health violations at the ACI maxium prison (R.I.B.H.) is a defendant.

8) The Rhode Island fire Dept. (fire marshall Cranston) failed, refused to comply with fire safety codes at the ACI maximum prison He/they are defendant(s)

# Statement Of facts

9) on July 26th. 2006 the Plaintiff "led the charge" with an extensive filing to enjoin the Palmigiano v. Sundlun matters identified as USDC #s 74-0172L 75-0032L.

10) on April 4th. 2007 Senior Justice Ronald R. Laguex ordered that this Plaintiff must bring forth a seperate civil action for breach of contract (pg. #21 of said ORDER) see next pg "10A"

# facts (continued)

11) The plaintiff retains all of the assertions on the preseeding Pg. 10(A) as to breach of contract, and adds the following independant /added violations.

12) There are no federally mandated fire sprinklers in every cell (any) cell at the ACI maximum Security Prison.

# facts (continued)

13) Plaintiff has been stripped of all his mental health medication to save the state (money)

14) Plaintiff has been charged over $400.00 to research case law. The max & medium Law Libraries are grossly inadequate with no books later then 1999 so the Plaintiff and others must order and pay for newer legal cases.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

10(A)

NICHOLAS PALMIGIANO

v. C. A. NO. 74-172 L

J. JOSEPH GARRAHY, ET AL
BRUCE SUNDLUN, ET AL

**MEMORANDUM**

The Petitioner, Jirah Eric Kelley has filed the instant motion and request for contempt of the **Palmigiano** orders. Petitioner seeks that the Defendants compensate him twenty dollars ($20.00) per day for each day the Court finds that the Defendants are in violation of said orders. Plaintiff seeks two hundred thousand dollars ($200,000.00) in punitive damages and three hundred thousand dollars ($300,000.00) in compensatory damages.

Petitioner, in a general fashion, alleges that "the physical dilapidation, the excess lockdown calls, 'modified recreation', lighting, plumbing, lack of no ventilation, that there are no vents in the cells, very hot in the summer and freezing cold in the winter; lack of fire sprinklers in the cells in common areas, vermin, insects, no fire evacuation or any cell and common area sprinklers (make the prison a death trap). Also the unlimited health violations." Additionally, the Petitioner urges that he was denied his medication for three (3) days; reclassified from Medium to Maximum Security; was subject to verbal intimidation by a correctional officer; that correctional officers on a daily basis utilized excessive force and long periods of segregation in order to deter inmates from bringing litigation; that he has been wrongfully charged for photocopies, mail, paper, legal supplies.

Initially placed in a dirty, dried feces and blood & urine cell in the intake center when I arrived in ACI

# facts (continued)

15) The maximum Security does not provide clothing even though they have received state and federal clothing budgets. The funds for this clothing is / has been misappropriated (stolen) by the Prison officials leaving the plaintiff and many others without adequate sox, underwear and seasonal clothing.

# facts (continued)

16) In August (Aprox) 18th. 2007 the Plaintiff was transferred to medium security.

17) The cells were built for single occupancy. The Plaintiff wrote the prison staff (Lt. Janokowski & Lt. Cerisi) and advised them that his well documented mental issues would prohibit him from double bunking. He demonstrated all manner of mental health documents.

# facts (continued)

18) Initially Plaintiff was placed in Segregation upon arrival at medium Security. he was double bunked in segregation.

Segregation in medium security is double bunked. A gross, blatatant, egregious violation to house men in 23-24 hour lock-up in cells created for one.

No words can describe how these defendants have gotten away with this for so long.

facts (cont.)

In Population

19) The plaintiff who weighs 300 pounds was forced to climb up on a top double bunk in a tiny one man cell. He was experiencing excrutiating neck and back pain as a result, based on his overweight & related health Problems. (documented back spasms)

20) on 8/19/07 the plaintiff had a severe panick (Anxiexty) attack, because ~~on~~ of the close quarters and related matter.

20A)

Plaintiff (being Placed in a double cell) was not allowed to have the t.v. he purchased, but the cellmate could.

Only one t.v. is allowed in a double cell, The cell mate controls his own t.v. while the inmate, who was Stripped of his t.v. has no t.v. control, Possession, entertainment. The deft(s) were suppose to install additional t.v. shelves. To give one inmate a t.v. and deny the others t.v. is a violation of equal Protection. Equal protection requires that all persons Similarly Situated be treated alike.

pg 15)

# facts (continued)

21) The plaintiff went to the medical Dept. but no mental health Staff are available (ever) on a weekend (or on call)

22) He told a R.N. about his anxiety and showed his Supportive documents. He was then taken to segregation. and did not see any mental health Provider.

He was locked in segregation for having a anxiety attack and was never treated.

At the time of this complaint he remains in segregation without a disciplinary charge.

facts continued

23) The D.O.C. Policy is no shower or recreation or Phone call for 5 days. there is no legitimate Penal reason.

24) maximum Security has NO outside recreation at All EVER No fresh air or sunlight ever for any inmate.

Theres no words to express how these defendants have gotten away with no outside recreation for so many years.

# Conclusion

25) The defendants have breached the march 18th. 1997 contract and have subjected this plaintiff and an entire {class of people} to egregious, deliberate indifferent, evil eyed, malicious, bogus, unjust, cruel and unusual forms of punishment in a contemptable manner, they have stolen funds from the state and federal goverment, and currently have the worse conditional, non-compliant Prison in the entire country. outwardly it would seem that the USDC refuses to enforce law.

# Conclusion (Continued)

25 cont.) But the USDC has monitered, interjected, reviewed, stipulated and addressed these matters feverently. Justice Laguex zealously and Petine ~~[illegible]~~ toured the buildings and went beyond their duty, as a close look at this volumious file demonstrates.

26) It has been, and continues to be these defendants false promises and non-compliance at the real core of injustice.

# Conclusion (cont.)

26 cont.) These defendants bully, retaliate and oppress any and every legal minded inmate that shows any signs of access to the court about the overall conditions. Physical abuse, and long, long, long unfounded stints in segregation.

This plaintiff was threatned by staff to cease litigation after Judge Laguex ruling. this plaintiff never went to segregation or was retaliated because he struck a deal in fear not to litigate.

Conclusion (cont.)

27 (cont.) Now that he is out of the maximum Security Prison he seeks the protection of this Honorable Court. (see motion for protective order)

28) plaintiff request that service of summons by the U.S. marshall and all waiver of fees are iniciated (including a postage order) <see motion>

29) Prayer for Relief

$1,000,000.00 (one million Dollars) Punitive and compensatory.

30) Production of Discovery (motion attached)

31) Waiver of any further Stages of litigation where-as the case is 27 years old at this juncture.

32) Trial by a Single Justice (Justice Laguex) who has advanced Knowledge of this case and has demonstrated a commendable ferm of judiciary in representing the United States of America.

Respectfully

8/29/07

Jinah Eric Kelley

Box 8274
ACI medium Seg.
Cranston, R.I. 02920