# United States District Court

DISTRICT OF

Rhode Island

CA 07 341ML

Jirah Eric Kelley

V.

Gov. Don Carcieri
et. al

# LEGAL MEMORANDUM

33) Prison officials are not immune from liabilities for official acts that deprive prisoners constitutional rights.

Procunier V. Navarette
434 U.S. 555, 55 LEd.2d. 24
98 S.Ct. 855 (1978)

34) Respondent superior does not apply in federal civil rights actions

Mann V. Adams 846 F2d
789 (7th Cir. 1988)

pg 22

JIRAH ERIC KELLEY V. A.T. WALL (C.A. No. )

## MEMORANDUM OF LAW

**FIRE SAFETY:** The courts found that injunctions were a viable form of action. WILLIAMS V. EDWARDS 547 F2d. 1206

MOORE V. JANIG 427 F.Supp. 567, 572

GATES V. COLLIER 349 F.Supp. 881, 88

**OUTDOOR RECREATION:** Courts have mandated that the prison officials must offer "outdoor exercise regardless of the cost"

RHEM V. MALCOLM 371 F.Supp. 594

TAYLOR V. STERRETT 344 F.Supp. 411

HAMILITON V. LOVE 328 F.Supp. 1182

SPAIN V. PROCUNIER 408 F.Supp. 534

BATTLE V. ANDERSON 376 F.Supp. 402

COTTON V. HUTTO 540 F2d. 412

# Memorandum of Law
# Breach of Contract

34A) The federal court will enforce decrees regaurding breach of contract.

Inmates V. Wecht 754 F2d. 120, 129

U.S. V. christie 465 F2d. 1002

Fed. Rules Civ. P. 65(D)

Angela V. clinton 999 F2d. 320, 325

34(B The (contemnor) had Knowledge of orders and contractual obligations

See: Eavenson V. Holtzman 775 F2d. 535 and Rubin 378 F2d. 104, 108

# Memorandum

34(c). These defendants were already found in contempt (for these same issues 17 years ago)
Palmigiano v. Diprete 737 F. Supp. 1257 (R.I 1990)

34(D) Transfered inmate can not be charged for research legal materials, and has a right to home state law.
Blake V. Berman 877 f2d. 145 (1st. Cir.)

34(E) standard of review for medical care
West v. Atkins 108 S.Ct. 2250

34(F) making an inmate choose between necessary hygienic items and essential legal supplies violate the right to court access.
Gluth v. Kangas 951 f.2d.1504 (1991)

# *CIVIL RIGHTS*

22(c)

BUSHANELL V. ROSSETTI, 750 F2d 298 (4th Cir. 1984)
Governments prosecutorial power may not be used either to exact releases of related civil rights claims or to retaliate for civil prosecution of such claims.

MOORE V. MARKETPLACE RESTAURANT INC., 754 F2d 1336 (7th Cir. 1985)
In order to recover under section §1983, plaintiff must establish two things: deprivation of right secured by federal law or the Constitution, and action by defendant under the color of state law.

FRANKLIN V. AYCOCK, 795 F2d 1253 (6th Cir. 1986)
Beating of inmate violated inmate's constitutional rights and was actionable under federal civil rights law.

TORWEST DBC, INC. V. DICK, 810 F2d 925 (10th Cir 1987)
Prison beatings which "shock the conscience" are actionable under section 1983.

MERIWETHER V. COUGHLIN, 879 F2d 1037 (2nd Cir. 1989)
Supervisory liability may be imposed under §1983 when an official has actual or constructive notice of unconstitutional practices and demonstrates "gross negligence" or "deliberate indifference" by failing to act.

HAFER V. MELO, 502 US _____, 116 LEd2d 301, 112 SCt _____ (1991)
State officials held subject to personal liability for damages under 42 USCS §1983 based on official acts, where §1983 actions were brought against officials in their individual capacities.

McCORD V. MAGGIO, 927 F2d 844 (5th Cir. 1991)
Prisoner is required to show significant injury in civil rights claim requiring proof that he endured pain, suffering or mental anguish but that individual is not required to show "lasting harm."

BURRIS V. CITY OF LITTLE ROCK, 941 F2d 717 (8th Cir. 1991)
Civil rights suit under §1983 may be brought in state courts.

QUEZADA V. COUNTY OF BERNALILLO, 944 F2d 710 (10th Cir. 1991)
In order to recover in federal court through §1983, plaintiff must show that a federal constitutional right was violated and that the individual violating that constitutional right did so under color of law.



KELLEY V. CARCERI

# Memorandum Of Law (Cont.)

[redacted]

35) [redacted] Upon arrival the plaintiff was given [redacted] NO [redacted] sox, underwear, Tee shirt [redacted] "Ditty Bag" of cosmetics [redacted] Nothing

**CAUSE OF ACTION:**

"prisoners are entitled to clothing that is at least minimally adequate for the conditions under which they are confined" See; Knop V. Johnson 667 F.Supp. 467,-477 (1987)

Also; Smith V. Bland, 856 F2d. 196 (1988)

ACI maxium [redacted] is now the oldest jail being used in the state [redacted] of R.I. [redacted] this does not nullify the current "Cruel and Unusual" conditions of confinement the plaintiff (and countless inmates undergo). are the worst in the country for modern day Prisons.

6a) The conditions of confinement that violate state and federal mandates and health codes, but not limited to;

b) Shelter
c) Crowding
d) Furnishings
e) ventilation & heating
f) lighting
g) hazzards
h) hygiene (indigent) see; #5.
i) medical care
j)mental health
k)dental
l) Access to courts
m)Segrgation
[redacted]

KELLEY V. Carceri memorandum continued.

36) The shelter & conditions of confinement at the defendants jail, are frowned on by the courts. The old, out-dated (crumbling jail) is likened to the worst of the worst in Massachusetts modern day history. Jails like the "Old Charles St." "Salem Jail" "Lawerance Jail" have all been sucessfully litigated against and were of the same conditions as the defendants jail.

See; Inmates of Suffolk County V. Eisenstadt 360 F.2d. 676.

**Cause of Action**: The defendants jail violate the 8th. Amend. and amount to "unquestioned" basic human needs and the minimal civilized measures of lifes necessities.

See; Rhodes V. Chapman, 452 U.S. at 347 S.Ct. 2392 (1981)

Also; Wilson V. Seiter, 501 U.S. 294 111 S.Ct. 2321, 2324

(a) There are alternative placements and state measures that could relieve plaintiff and others simulated in this. The defendants refuse to spend the immediate (Tax payers) money to rectify current conditions.

See; Scott V. Moor 85, F3d. 230.

(b) the defendants inactions/actions amount to " wanton and unecessary infliction of pain" (without physical injury).

See: Rhodes & Seiter Above Supra.

Also; Scher V. Engelke, 943 F.2d. 921, 924 (1981)

(c) These conditions inflicted by the defendants can cause future health risks, due to the air, chemicals, and oldness of un-addressed abestos.

See:

Ceilings, abestos (walls), vents (dust/air born). floors, pipes, plumbing, heating system, air ducts, generators, and the water that is not fit for human consumption.

DELIBERATE INDIFFERENCE COMPONENT:

Jordan v. Gardner, 986 F2d. 1521, 1528, (1993)
Morgan V. D.O.C. 824, F2d. 1049,1062 (1987)

KELLEY v. Carcieri Memorandum continued.

37) The plaintiff was/is subjected to double bunking in cells that are smaller then those of any of the former condemned jails in Massachusetts (see fact # 7).

**CAUSE OF ACTION:**

Tillery V. Owens 907 F2d. at 428.
La Reau V. Manson 651 F2d. 96, 107-09

In. re; to La Reau, cells larger then the defendants were only allowed to be doubled for 30 days. see **(attachment Ex. room)**

In. re; Rhodes v. Chapman 452, U.S. 337, 101 S.Ct. 2392 (1981) The "amount of space per. inmate" in the defendants jail, violate the Rhodes standard by far.63 Sq. Foot in Rhodes as compared to 38 Sq. foot in defendants cells. (some even smaller and ALL are double bunked).

[redacted]

A) The Rhodes standard applies to modern facilities in good condition, not pre-historic relics such as the defendants jails.

(b) Genuine privations and hardship over an extended period of time warrants compensation;
See; Bell V. Wolfish 441, US 520, 99 S.Ct. 1861

(c) Budgets and monetary restraints do not justify these overcrowded measures. See: Maroles V. Parole Board of P.R. 887, F2d. 1, 5 (1st. Cir.) " The economic motive of housing more prisoners without providing space" (does not legally cut the mustard).

8(d) the courts have continually found overcrowding unconstitutional when it's linked to safety hazards, and deteriorated physical conditions. See: Hendrix v. Faulkner 525 F.Supp. 435, 532,
Allegheny V. Wecht, 874 F2d. 147, 154 (1989)

Above Supra; "Cells to small to provide human living conditions"

Kelley V. Carcieri

38) The cell furnishings in the cell(s) that housed the plaintiff and a cell-mate, consisted of leaky, smelly toilets, damaged or electrifiable sockets, dingy, old dirty mattresses. [redacted] cell door did not work, which endangered plaintiffs life is a fire or fight took place.

See; Carver V. Knox 753 F.2d. 1370, 1389.

39) The ventilation system and heating system that the plaintiff was/is subjected to falls below the human standards of decentcy, they just don't work. The vents are clogged up and filled with caked dust and debris that stiffles the plaintiff and effects his sleeping. The coughing, gagging and sneezing are effects from possible future health conditions.

See; William V. White 897 F2d. 942-945 (1990)

[redacted]

40) The power surge in plaintiffs cell left the lighting to dim or to brilliant for reading or for writing purposes.

See; Touissant v. McCarthy 597, F.Supp. 1388, 1409

[redacted] 8 inches from the bed, the other toilets were directly in range of the shower. The smell of defecation while showering was barbaric. [redacted] shower area. Cockroaches are rumped in the "New Man" Seg. section, where plaintiff was for many days (with a cell-mate).

The defendant GITTENS has failed to maintain (in his official capacity) the free-world standards that the law dictates as to health., nor does he conform to the minimum "Standards Of Health 7 Sanitation" that govern Massachusetts jails and prisons, known as C.M.R., policies).

The indigent plaintiff was continually denied soap, and toothpaste.

See; Hoptowit V. Spellman 753 F2d. at 784
Carver V. Bunch 946 F2d. 451-452 (1991)
In; Toisssant V. McCarthy (above Supra #11)

The "showers are required to have controlling valves" The defendants showers do not.

KELLEY V. Carcieri

41) ~~13) The plaintiff was/is at [illegible] denied adequate medical treatment~~. The plaintiff has a history of "back Spasms". he informed the Health services upon his medical intact. ~~After being segregated in [illegible]~~ the plaintiff was forced to live in a cell **on a top bunk**, or in the alternative go to the disciplinary cell unit.

The plaintiff wrote ("sick call") forms to the Health Service Unit, but they never produced a doctor to confirm his back condition. The plaintiff is/was and has been in excruciating pain as a result of being forced to climb on the top bunk in a tiny cell with another man. (Plaintiff weighs over 300 pounds).

The denial of a bottom bunk, and the physical pain as a result violates the "prudent, professional standards dictated by state and federal law.

See; Fernandez V. U.S. 941, F2d. 1488, 1493.

**CAUSE OF ACTION:**

The actions of the defendants violate the "Deliberate Indifference" standard for medical care.

See: Estelle V. Gamble 429 U.S. 97, 104, 97 S.ct.

~~The plaintiff needed medical attention while in a cell upon his arrival, there was no way for the officer to hear him, (the tiers and officers outside the (SEGREGATION) area are seperated in length, (there is a plexi-glass) partition that makes it impossible for the officers to hear any cry for help.~~

~~[illegible]~~

42) ~~14)~~ The plaintiff has a history of mental health, he takes sleep aid medication, and other psychiatric medication. There is no DAILY on site mental health staff.

In re: Wellman V. Falkner 715 F2d.
and; Cody V. Hillard 599 F.Supp. 1044
Capps V. Atiyeh 559 F.Supp. 894

There are no mental health programs at the defendants jail. There is no form of on-going treatment.

See; Ohilinger V. Watson, 652 F2d. 775, 777-79 (1980)
Also; Young V. Armontrout, 795 F2d. 55,56 (1986)

The plaintiffs mental health needs are being overlooked.

~~15) The plaintiff submitted numerous request to see the dentist, but all were overlooked. The dental staff only comes once a week, and often doesn't appear then. The plaintiff has been in painful need for dental treatment.~~
See; Dean V. Coughlin, 623 F.Supp. at 404