CA 07 341 ML

# EXHIBITS

1 & 2 how plaintiff got to R.I.
Exhibit A letter from employee they deny cloths.
Exhibit B claim letter about clothing

4, 5, 6, 7, 8, 9 violating the Interstate Compact Agreement bey charging the Plaintiff for indigent legal mail, legal Photo copies, and legal research because the law library doesn't have updated cases. Mass. inmates (as is the plaintiff) don't pay for these things nor am I suppose to.

P□18
P□19 PLRA exhaustation of all claims have met the requirement. The entire Package was submitted from grievance to the warden to the Legal Dept. Even both Governors.

Ex. 81, A1, B, B1 Breach of contract

Exhibit 2 pg. ACLU
Exhibit punishment for mental illness
[illegible], L, [illegible]
Ex. fire & Recreation exhaustation PLRA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

10(A)

NICHOLAS PALMIGIANO

v. C. A. NO. 74-172 L

J. JOSEPH GARRAHY, ET AL
BRUCE SUNDLUN, ET AL

**MEMORANDUM**

The Petitioner, Jirah Eric Kelley has filed the instant motion and request for contempt of the **Palmigiano** orders. Petitioner seeks that the Defendants compensate him twenty dollars ($20.00) per day for each day the Court finds that the Defendants are in violation of said orders. Plaintiff seeks two hundred thousand dollars ($200,000.00) in punitive damages and three hundred thousand dollars ($300,000.00) in compensatory damages.

Petitioner, in a general fashion, alleges that "the physical dilapidation, the excess lockdown calls, 'modified recreation', lighting, plumbing, lack of no ventilation, that there are no vents in the cells, very hot in the summer and freezing cold in the winter; lack of fire sprinklers in the cells in common areas, vermin, insects, no fire evacuation or any cell and common area sprinklers (make the prison a death trap). Also the unlimited health violations." Additionally, the Petitioner urges that he was denied his medication for three (3) days; reclassified from Medium to Maximum Security; was subject to verbal intimidation by a correctional officer; that correctional officers on a daily basis utilized excessive force and long periods of segregation in order to deter inmates from bringing litigation; that he has been wrongfully charged for photocopies, mail, paper, legal supplies.

Initially placed in a dirty, dried feces and blood & urine cell in the intake center when I arrived in ACI

Ex. 1

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## DISCIPLINARY REPORT

**Inmate** KELLEY, ERIC **Commit No** A93317 **Housing Un** L2

**Date** 20050512 **D- Report No** 55709 **Institution** SOUZA-BARANOWSKI CORRECTIONAL

CA 07 341

| Category | Offense(s) |
|---|---|
| 5 | 1-DISOBEYING AN ORDER, LYING, INSOLENCE |
| 5 | 14-RIOT/WORK STOP/HOSTAGE TAKING |
| 5 | 19-OBSCENE/ABUSIVE/THREAT LANGUAGE |
| 5 | 33-ATTEMPTING TO COMMIT ANY OFFENSE |

**Description of Offense(s**

On May 5, 2005 at approximately 12:00 p.m., inmate Eric Kelly A93317 did violate the rules and regulations of the Department of Correction by becoming belligerent and threatening towards the Superintendent at Souza-Baranowski Correctional Center.

Inmate Kelly approached the Superintendent alleging that was being held illegally at SBCC. He then started asking questions about being denied access to the Law Library. Inmate Kelly was given the opportunity to explain the reasons for his allegations. He stated that he had been transferred from Suffolk to MCI Concord, OCCC and SBCC during the past thirty days. At that time he was informed that generally 52A's are sent to SBCC when they are management problems in lower custody placements.

Inmate Kelly then stated in a loud voice that he was going to personally go cell to cell in the unit to get the other awaiting trial inmates to protest their placement at SBCC. Inmate Kelly was informed that he would be receiving a disciplinary report threatening to incite a group demonstration. He stated that he had to do what he had to and walked away. All proper authorities were notified.

**Disciplinary Report Type:** Major

**Has Inmate been placed on Awaiting Action Status** Yes [ ] No [ ]

**Referred to DA** [ ] Yes [X] No **Referred to DDU** [ ] Yes [X] No

**Reporting Staff** Nestor L Cruz **Date** 20050512 **Time** 15:09

**Days off** Sun Sat

**Shift** 7x3

**Supervisoı** CONVERT USER CONVERT USER **Date** 20050513 **Time** 10:00

**Shift Commander** John W Brodbeck **Date** 20050513 **Time** 10:00

**Disciplinary Officer** James R Hart **Date** 20050601 **Time** 07:15

**Results**

**Continuance Length** ______ **Continuance Date** ______ **Projected Date** ______

| Offenses | Sanctions | Start Date | Unit | #of Units | Credits | End Date | Amount |
|---|---|---|---|---|---|---|---|

**Reviewing Authority** MacEachern, Duane **Date** 20051202 **Time** 10:00

20060602 12:52

EX 2

UNITED STATES DISTRICT COURT
1ST. Circuit.

06 CA 11837 GAO

ERIC JIRAH KELLEY

V.

MAGISTRATE JUDGE Alexander

ANDREA CABREAL (Sheriff)
COMMISSIONER KATHLEEN DENNEHY
Superintendentdent PETER PEPE
CAROL LAWTON
Superintendent of O.C.C.C.
Superintendent Louis Russo
Superintendent M.C.I. Cedar Juntion
Carol Micci
ATTY. WILLIAM SALTZMAN
ATTY. NANCY A. WHITE
* ATTY. LESLIE WALKER (See par. #20)

## JURISDICTION

The pendant jurisdiction of this matter is at U.S.C.A. 1983 and all applicable mandates that govern prisoner complaints.

Attached is statement of facts, cause of action, memorandum of and exhibits.

Respectfully;
Eric Jirah Kelley (EJK) #96357
Eric Jirah Kelley (Pro Se)
Adult Corr. Institute
Maximum Security
Box 8273
Cranston R.I.
02920

"Exhibit A"

CA 07 341

**INTER-OFFICE MEMORANDUM**
**RHODE ISLAND DEPARTMENT OF CORRECTIONS**

**TO:** **Jirah Kelley**
**DEPT:** Maximum Security

**FROM:** Vicki Gillerin, Adult Counselor
**DEPT:** Maximum Security

**DATE:** July 14, 2006

**SUBJECT:** **Clothing Questions**

All clothing materials are available for purchase from the Keefe commissary. New commitments are not giving items such as socks, underwear, or socks unless they are indigent. Even then, there is no guarantee that items will be available, as the clothing room does not always have those items available.

If you have any further questions, send me a request slip or see me in the dining room.

"Exhibit B"

KELLEY V. WALL CIVIL MATTER

## BACKGROUND OF ISSUE

Jirah Kelley (Plaintiff/petitioner) was sent R.I.D.O.C. as an Interstate Transfer.

Upon arrival he was not allotted any sox, underwear or towels.

In Massachusetts, every inmate/new arrival to any facility receives adequate clothing. The plaintiff/petitioner is still under Mass. jurisdiction.

## CONSTITUTIONAL BASIS

It is not a priveledge to obtain adequate clothing (wether indigent or not) even un-indigent inmates are not to be forced to choose between hygene products or under cloths.

## MEMORANDUM

This petitioner demonstrates that a " extraordinary remedy " is mandated because the defendants have a ministerial duty to perform (this is a mandamus issue)

See: MARTONE V. JOHNSTON 824 A2d. 429
P.J.C. REALTY INC. 811 A2d. at 1205

## CLOTHING MANDATED BY LAW

**FEDERAL:**

KNOP V. JOHNSON 667 F.Supp. 467-477
SMITH V. BLAND 856 F2d. 196

Respectfully;

Jirah Eric Kelley *

* Pro Se
CCFile; A.C.L.U.

Ex. A)

Massachusetts Inmates are not charged for photo copies (indigent or not) Plaintiff is serving a Massachusetts sentence. The Interstate Compact says "receiving state shall treat inmates the same as the (sending) state does"

**STATEMENT OF ISSUES FOR MOTION AS TO INDIGENT & MAIL VIOLATIONS & ACCESS TO COURTS**

The petitioner has been charged for photo-copies while he was **indigent**. when petitioner received his jail payment (for library job) ALL his monies were confiscated to pay the costs of legal copies. These copies were made while this plaintiff/petitioner was **indigent**.

The petitioner now has money for;

1) Stamps.
2) Envolopes.
3) Writing Materials.
4) Cosmetics. (He will no longer receive a hygene kit) based on having a job.

This plaintiff/petitioner has been stagnated, thwarted, hampered, hindered, denied access to the courts based on unconstitutionally imposed ahrdships as to financial inability.

**MAIL**

The prison violates Federal mandates for U.S. postal pick-up and delivery. Inmates place their out-going (charge-slip) mail on top of the mail box in the midst of the inmate dining area, giving unrestricted access to it, by unauthorized officers and **inmates alike**. Plaintiff/pettioner states that his mail may not be meeting its destination (including courts).

Plaintiff/petitioner requests a Court **ORDER** for locked mail boxes to seperatly retain outgoing (charge-slip) mail.

Truly;

Jirah Eric Kelley

**State of Rhode Island and Providence Plantations**
**Department of Corrections**
**Law Library Office Memorandum**

A total of $ 400.00 debited and deducted even while indigent

To: Jirah Eric Kelley, #96356, MAX H2-23

From: Priscilla Jenison, Law Librarian PWJ

Dept.: Education / Bernadette Building

Date: January 31, 2007

Subject: Request for Legal Information

---

In response to your request of January 29th, enclosed are copies of 17 of the 19 items that you asked for. I need the case name for 522 US 846 as there are 21 cases at this citation and I do not know which one you want. Also, Lexis does not have the Gonzaga Law Review article that you listed, as their holdings start at volume 31.

Your account has been charged $6.85 (137 pages @ $0.05 per page).

**You must include your name, location and ID# on all requests.**

cc: file

To: Director A.T. Wall
From: Jirah Eric Kelley
Re: **DEDUCTION OF MONIES FOR LEGAL (ACCESS TO THE COURT).**

**1/16/07**

Dear Director Wall;

In Massachusetts (D.O.C.) inmates are **not** charged for;

1) Copies of cases.
2) Legal materials while (indigent).
3) Outgoing **legal** mail while (indigent).

My account has been debited for the above.

These measures violate the Interstate Compact agreement.

Please have my debt nullified, and instruct the prison staff (not) to charge me for case law and copies. I am willing to agree to a limited amount of copies.

All of the deductions (**while indigent**) violate Federal mandates concerning access to the court for INDIGENT inmates pursuant to Bounds V. Smith and casey V. Lewis. By deducting monies (debit) while an inmate has (no) money or is indigent is still a way of (charging) an indigent inmate.

Thank you for your attention;

Jirah Eric Kelley

Jirah Eric Kelley (#96357)

CCFile;
Ronald Rheault (Mass. Interstate Compact Liason)
Joseph Dinitto (ACI Classification Director)
Massachusetts Commissioner Of Correction
Atty. Salyzman (Deputy Chief Counsel Mass. D.O.C.)
Atty. Micheal Grant (Deputy Chief Counsel R.I.D.O.C.)

Ex. 7)

To: Attorney Lauren Petit
Mass. Correctional Legal Services
8 Winter st.
Boston, Mass.

From: Jirah Eric Kelley
Box 8273 (ACI Maximum Security)
Cranston, R.I. 02920

RE: **VIOLATION OF NEW ENGLAND INTERSTATE COMPACT.**

February 15th. 2007

Dear Attorney Petit:

I am serving a Massachusetts sentence and was transferred to Rhode Island via the Interstate Compact based on being a "Management Problem" that stems directly from my litigation pursuits.

I asked you to assist me on my challange to the 52A statute where I was placed in MCICJ, SBBCC, OCCC and CONCORD during a 30 day period. I really do not have confidence in MCLS, but when there is a viable, clear cut violation that adversely affects an entire class I will bring it to your attention (FOR ACCOUNTABILITY PURPOSES) and to demonstrate exhaustation, aswell any appointment of counsel motions.

--------

I am being charged for copies of legal material, and for case law and other legal research materials.

They have charged me **while I was indigent by debiting my account. I am in debt based on charges while indigent!**

---------

The issues violate (ACCESS TO THE COURTS) and affect all Mass. inmates that are here.

sent with a money charge to prove you received this request for REPRESENTATION.

Ex. 8)

To; Director A.T. Wall
I/c/o: Chief Legal Counsel Patricia Coyne Fague

From: Jirah Eric Kelley
# 96357 Maximum Security

Re: **INTERSTATE COMPACT PROVISIONS CONCERNING FEES.**

March 2007

Dear Atty. Fague;

I am currently being charged for:

1) Legal Copies.
2) Medical Co-Pay
3) Indigent legal (out-going) mail.

Massachusetts does not charge for these basic elements.
Because the Massachusetts Department Of Corrections do not charge for these issues, and because I am under their jurisdictional precepts concerning; classification, parole, good conduct deductions and **all matters that involve constitutional provisions and state mandated C.M.R. policies**

Another inmate from Wiscosin addressed this matter and was sucessful (Thomas Bartollo) he has furnished me with the relevant approval.

Please direct inmate accounts to replenish my account with any and all monies deducted for copies, legal mail and medical co-pay.

Jirah Eric Kelley

Jirha Eric Kelley

Ex, 9

(6) Photocopies

(a) Inmates may request photocopies from the Central Law Library (via the Law Librarians) and/or the satellite libraries (via the inmate Law Clerks).

(b) Inmates will be charged five cents ($0.05) per copied page.

(c) Signed Money Transfer Slips must accompany requests for photocopies.

(d) Indigent Inmates – If an inmate has an insufficient balance in his/her account, a charge will nevertheless be placed against the account. Such a charge will result in a negative balance in the inmate's account.

(1) When an inmate's account has a negative balance because of such photocopying charges, one-half of all deposits will be used as an offset to the charges until such time as the charges have been paid in full. There are no restrictions on the other half of deposits beyond normal restrictions.

NOTE: Unreasonable (i.e., voluminous or repeat) requests for photocopies from indigent inmates may be denied at the discretion of the Warden or designee (satellite libraries) and/or the Law Librarians (Central Law Library).

(7) Interstate Transfers

**NOTE:** Generally, requests from inmates who are represented by counsel are not filled by RIDOC's Law Librarians. However, if a Rhode Island inmate who is serving his/her sentence (or a portion thereof) out of state is represented by legal counsel, but is unable to contact his/her attorney in a timely manner, RIDOC's Law Librarian may fill his/her request for information.

To: Director A.T. Wall
Warden Weeden
Grievance Coordinator McCuchin

I/c/o; Chief Legal Counsel Patricia Coyne-Fague

From; Jirah Eric Kelley ( I.D. number 96357)

RE: **GOOD FAITH CLAIM LETTER OF ADMINISTRATIVE EXHAUSTION.**

August 9th. 2006

Dear R.I.D.O.C. parties (aforementioned);

This is a "Good Faith" claim letter and final exhaustation of administrative remedies, pursuant to the Prison Litigation Reform Act of 1995 42 U.S.C. Sec. 1997 E(A) AND McCARTHY V. MADISON 503 U.S.

I here-by respectfully request that the internal administration acknowledge and remedy the following complaints as outlined in;

WHITLEY V. HUNT 158 F3d. 882
WEINBERGER V. SALFI 422 U.S. 799

Lack of timely, and expediant response renders any exhaustion oppisition moot and demonstrates additional liabilty and egregious, arbitrary measures.

ABNEY V. McGINNIS 2004 App. Lexis 17238
JOHNSON V. TESTMAN U,S. App. Lex. 17236

ATTACHED ARE THE COMPLAINTS.

Atty. Fague has a copy of the Federal Motion for Contempt (in its entire form).

Truly; ____________________

CCFile; Exhibit

COPY

**ADMINISTRATIVE EXHAUSTATION FINAL CLAIM LETTER**

To: COMMISSIONER OF CORRECTIONS (MASSACHUSETTS D.O.C.)
CHIEF LEGAL COUNSEL NANCY A. WHITE I/c/o/ WILLIAM SALTZMAN ESQ.
DIRECTOR A.T. WALL (RHODE ISLAND D.O.C.)
CHIEF LEGAL COUNSEL PATRICIA A. COYNE-FAGUE
DEPUTY CHIEF LEGAL COUNSEL MICHAEL B. GRANT
ROBERT McCUTCHEON R.I.D.O.C. GRIEVANCE COORDINATOR
JAKE GADSEN DEPUTY DIRECTOR R.I.D.O.C.
RONALD L. RHEAULT (MASSACHUSETTS INTERSTATE AGREEMENT LIASON)
CAROL MICI (MASSACHUSETTS CLASSIFICATION DIRECTOR)
JOSEPH DINNITO (R.I.D.O.C. CLASSIFICATION DIRECTOR)
MICHEAL POSHKUS (R.I.D.O.C. MEDICAL DIRECTOR)
JOSEPH MORROCO (R.I.D.O.C. MEDICAL ADMINISTRATOR)

LEAD VIOLATORS:
**GOVERNOR CARCIERI (RHODE ISLAND)**
**GOVERNOR DEVAL PATRICK (MASSACHUSETTS)**

CONTRIBUTING VIOLATORS:
CRANSTON FIRE MARSHALL
RHODE ISLAND BOARD OF HEALTH

Dear ______________________________;

This is a final " good faith " claim letter that allows you 14 working days after receipt of this missive.

Governor Patrick and the Massachusetts legal Department are the only exempt parties from immediate response, where-as they **are the only parties that have not received notification of the issues.**

3. Plaintiffs waive any attorneys' fees and costs incurred by them for reviewing these quarterly reports, pursuant to Section IX, Paragraph C of this Settlement Agreement. No other fees or costs are waived in this agreement.

D. In the event that the population of any facility in the ACI exceeds the capacity limits of Section III for five (5) consecutive days in a non-emergency situation (Section III, Paragraph G), the Director shall notify plaintiffs' counsel of that fact in writing.

E. If the requirements and conditions set forth above in Section IX, Paragraphs A and B are being fully observed and the State Mechanism exercises its authority and power to enforce the population capacities and restrictions effectively, the provisions of Section III of this Settlement Agreement shall not be enforceable in this Court and plaintiffs agree not to bring any action or proceeding to enforce said provisions.

F. In the event that the State Mechanism is disbanded or discontinued, or loses its authority and power to enforce the aforesaid population capacities and restrictions effectively, or fails to exercise its authority and power to enforce the population capacities and restrictions effectively, the provisions of Paragraph E of this Section shall be null and void and plaintiffs shall have the right to seek enforcement of the provisions of Section III.

Exhibit (A1)

Counsel for the defendants commit Perjury. It's about more then the "overcrowding"

V. ENVIRONMENTAL HEALTH AND SAFETY

The defendants shall at all times maintain environmental health and safety practices and conditions that are adequate and constitutional.

VI. MANAGEMENT, SECURITY AND INMATE ACTIVITY

The defendants shall at all times engage in practices and maintain conditions regarding management, security and inmate activity that are adequate and constitutional.

VII. INDEPENDENT MONITORS

A. The parties hereby designate Dr. Lambert King and Robert Powitz as independent monitors (Monitors) to observe and report upon substantial compliance with the terms of this Settlement Agreement. These Monitors are experts in the areas of medical care, (environmental health, and fire safety.) The Monitors shall observe and assess substantial compliance with the terms of this Settlement Agreement, report to the parties about such substantial compliance, and give advice and recommendations to the parties.

B. In carrying out their duties, consistent with legitimate requirements of security, the Monitors shall have the following:

Exhibit (B)

0030c
0029c

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICHOLAS A. PALMIGIANO, et al. | : | C.A. No. 74-0172 |
| v. | : | |
| BRUCE G. SUNDLUN, et al. | : | |
| THOMAS R. ROSS, et al. | : | C.A. No. 75-0032 |
| v. | : | |
| BRUCE G. SUNDLUN, et al. | : | |

## SETTLEMENT AGREEMENT

### I. INTRODUCTION

This case has had a long and complicated history[1]. After an extended trial in 1977, this Court declared that the entire Rhode Island prison system was unconstitutional and entered an extensive remedial order[2]. During the next fifteen years, there were

1 See, e.g., the series of decisions variously reported as Palmigiano v. Garrahy or Palmigiano v. DiPrete, 443 F.Supp. 956 (D.R.I. 1977); 448 F.Supp. 659; 466 F.Supp. 732, aff'd, 616 F.2d 598 cert. den., 449 U.S. 839; 599 F.2d 17; 639 F.Supp. 244; 700 F.Supp. 1180 (1988); 710 F.Supp. 875 (1989); aff'd, 887 F.2d 258 (1st Cir. 1989); 737 F.Supp. 1257 (D.R.I. 1990).

2 Palmigiano v. Garrahy, 443 F.Supp. 956, 986 (D.R.I. 1977).

Exhibit (B1)

R. W. Powitz & Associates, P.C.
PO Box 32365
Detroit, Michigan 48232-0365
(313) 972-4580

To: A. T. Wall, Esq., Assistant Director
Rhode Island Department of Corrections;
and
Mark J. Lopez, Esq., Staff Counsel
American Civil Liberties Union Foundation
National Prison Project

From: Robert W. Powitz, Ph.D., M.P.H.
Consulting Sanitarian

Subject: Environmental Health and Safety Evaluation of Rhode Island Department of Correction facilities: Intake Service Center; Special Needs Facility and Women's Facility

Date: March 12, 1992

On March 3rd and 4th, 1992, an environmental health and safety evaluation was made at the above named facilities within the State of Rhode Island institutional complex. This evaluation was conducted at the request of the State of Rhode Island and the ACLU National Prison Project. The purpose was to recommend the maximum inmate population carrying capacity of the facilities and make whatever comments on environmental health and safety as appropriate.

Accompanying this consultant during the tour were Mr. Kent Grissom, Sanitarian for the Rhode Island Department of Corrections and Mr. Mark Lopez, Staff Counsel for the ACLU National Prison Project. The writer would like to thank Mr. Grissom and the facility wardens for their cooperation, candor and kind hospitality.

The evaluation consisted of an on-site audit supported by non-destructive sampling of the environment to verify the findings. All sampling was conducted with pre-calibrated equipment in accordance with accepted protocols. The findings of the audit were compared against established standards: the American Correctional Association, Standards for Adult Correctional Institutions, 3rd Edition, and the American Public Health Association, Standards for Health Services in Correctional Institutions, Second Edition. The standard which most closely reflected the prevailing conditions was used in determining population density. By enlarge, the recommendations reflected in this report were by consensus of all parties in the audit tour.

EXHIBIT

2 pg.
ACLU

Atty. Steve Brown
American Civil Liberties Uion
128 Dorrance St.
Suite 220
Providence, Rhode Island
02903

Dear Atty. Brown

Please be advised that the A.C.I. Maximum Security prison is in serious violation of the Consent Decree Settlement iniciated by your National Office 12 years ago.

The current violations that make the ACI the worst condition related prison in the USA are, but not limited to:

1)Vermin, rats, insect infestation.
2) Denial of adequate clothing for indigents.
3) Plumbing, no heating, no ventilation.
4) No fire safety, extinguishers ect.
5) No access to toilets during recreation.
6) No outside recreation for segregated inmates.
7) Grossly inadequate law library.
8) Refusal to alot gate money for indigents.
9) No mental health counseling available.

I have sought to enjoin myself and 2 others as joinder petitioners, but the USDC has ignored my pleadings thus far. There is no designated legal advocates for Rhode Islands prison system, (I'm from Massachusetts) we have Mass. Correctional Legal Services, but here no civil rights organization is monitering the conditions of confinement, the misappropriation of funds, excessive force, violations of due process, segregation, Disciplinary hearings and other matters, where these prison officials are running amuck!

I am enclosing for your review, copies of all the work I've generated thus far. Please send a couple of your lawyers to confer with me.

*



Your branch of the ACLU is the only source of constitutional protection these inmates have. I do not think you're lacking in zeal, I see other intervention your agency has done.

Obviously nobody has bought these matters to your attention, and supported it with exhibits and pleadings as I have done.

I'm anxious to hear from you,
and work with your office;

Jirah Eric Kelley (Pro Se) #96357
Box 8273 (ACI Maximum)
Cranston, R.I.
02920

ccFile;
U.S. Subcommittee on Courts & Administrations
M.C.L.S. Mass. Corr. Legal Services
A.C.L.U. Natl. Office
Amnesty International
NAACP Natl. Office 4805 Mt. Hope Drive Baltimore Md.

Dr. Micheal Poshkus;

On Sunday 10/19/07 I had a severe anxiety attack because I was forced into a double cell created for one person. my intermitten explosive disorder became a concern (I was highly agitated) I went to the infirmary and no Pysh. docoters were on staff I spoke to a medical nurse for 60 seconds and showed him the attached documents. He said "you a ~~too~~ threat to others" and had me taken to segregation on "Admin. opps" status (he said) Its been 2 days at the time of this writing and ive seen No mental health personal.

Ex. L (end pg)

1) I've been denied immediate medical attention for emergency Physchiatric issues. (deliberate indifference)

2) Punished with putative confinement for having a Anxiety attack, no outside recreation & no shower.

The mental counselor Viki was aware (why) I'm in seg. and she seen my documents the day I got here. She did nothing in Professional capacity, and frankly I can now sue you for personal money acting under the color of law.

Please send the warden a single cell order based on all these issues.

Jirah Kelley
96357

TO: Dr Micheal Poshkus
Medical Director R.I.D.O.C.

From: Jirah Eric Kelley #96357

Re: Medical Grievance Verse
Judi

This is a medical grievance verse Judi
the clinical counselor at the A.C.I.
Medium Security Prison.
Judi has violated the ethical requirements of the R.I.
Medical Board.

1) Deliberate Indifference to a Serious medical need.
2) Breach of confidentiality.
3) Inadequate mental treatment.
4) Influence to prompt a patient to cause harm to others

facts: Prior To Arriving at the ACI Medium the complaintar furnished the ACI Assignment officer with supportive mental health documen (copie now given to Dr. PoshKus) that demonstrates his inability to co-exist in a double cell without posing a viably / Potential threat to others.

Upon arrival at the medium prison, complaintant spoke to and furnished the same documents to Judi she took no action neither did she notify the prison officials of statements that he would potentially harm others if placed in a double cell.

3) Plaintiff was placed in a double cell, where he experienced a severe anxiety attack and became irritated and on the brink of hostility toward the cell mate.

He then went to the infirmary and told a R.N. and showed him his documents. The R.N. had (me) placed in Seg. as a threat to others (what Judi) should of done in her professional capacity in the first instance, which was much more expensive then the R.N. had.

It took 4 (four) days for the complaintant to be seen by anyone. No Pysch. dr. was seen.

4) Judi was directly responsible for the 4 (four) day <u>delay</u> in having the <Patient> seen after being Placed on Physch. observation. It ammounts to punishment without treatment for a emergency.

Judi then seen me, and had the officer Present (with us) while she interrogated me about my confidential mental health history for 15 minutes, I finally said its "illegal & unethical to have this man Present and they looked at each other and he then walked away (out of the room) after he heard and was entertained by my mental health history.

5) I then asked to see a Phyc. Dr. and Judi informed me that he was "right across the hall" "but you have to go through channels." I stated that "I should of seen him days ago as a emergency and not you <Judi>"

She got belligerent, angry, yelling and said: "your gonna get a cell mate and if you don't harm him then you'll remain that way" I stated: "So your promoting violence" and she said "You'll be punished but its your only recourse"

(Signed Jivan Kelley)

Ex. fire & Rec
2 pgs
Exhaustation PIRA

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
## INTER-DEPARTMENTAL MEMO
## MAXIMUM / HIGH SECURITY

Memorandum to: Jirah Kelley

Identification #: 96357

From: James Weeden, Warden

Department: Maximum/High Security

Date: October 19, 2006

Subject: **Grievance Letter**

Your grievance letter concerning fire safety and outdoor recreation concerning segregation inmates at Maximum Security addressed to Lt. Chappell was forwarded to me for response.

Your complaint of Maximum Security not being in compliance with fire safety codes is inaccurate. The RIDOC is in compliance with recommendations of the R.I. State Fire Marshall's office and is constantly meeting with that office for improved fire safety. Fire prevention systems such as heat detectors, smoke detectors, fire alarms and fire suppression systems are in place at this time.

Your complaint that inmates are not provided outside recreation when housed in segregation is not your concern. The grievance policy # 13.10 " Inmate Grievance Procedure" states " A grievance may only be filed by an inmate directly affected by the alleged incident". You are not or have been housed in segregation at Maximum Security.

You also suggest that you will be placed in segregation arbitrarily because of retaliation for your efforts to seek remedies to your complaints. Your actions and violations of the rules will place you in

segregation not your efforts to seek remedies to your complaints as long as these remedies are not violations to rules.

You may write to any lawyer, law enforcement agency or any government official you may feel can assist you. Serving notice to them that you will be retaliated against by the Department for these complaints is ludicrous.

Your accusations of misconduct by Executive Legal Counsel, Ms. Coyne-Fague should be addressed to her office.

CC: Lt. Chappell
R. McCutcheon
P. Coyne-Fague
File