**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JIRAH ERIC KELLEY** | : | |
| ***Plaintiff*** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-341ML** |
| | : | |
| **GOVERNOR DONALD CARCIERI;** | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **WARDEN BOYD;** | : | |
| **DR. MICHAEL POSHKUS;** | : | |
| **RHODE ISLAND BOARD OF HEALTH;** | : | |
| **RHODE ISLAND FIRE MARSHALL** | : | |
| ***Defendants*** | | |

**ANSWER OF DEFENDANT, MICHAEL POSHKUS, M.D.**
**TO PLAINTIFF'S COMPLAINT**

Now comes defendant Michael Poshkus, M.D. [hereinafter sometimes referred to as "this defendant"] and hereby answers the plaintiff's Complaint herein-filed as follows:

**FIRST DEFENSE**
**"Parties"**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in the first paragraph of plaintiff's Complaint and, therefore, leaves the plaintiff to his proof thereof.

2. This defendant makes no response to any of the allegations or statements contained in the second paragraph of that portion of the plaintiff's Complaint entitled "Parties", nor to paragraphs numbered 3, 4, 5, 7 or 8 of that portion of the plaintiff's Complaint entitled "Parties" inasmuch as said paragraphs are not directed to him; however, to the extent the

allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

3. This defendant specifically denies the allegations contained in paragraph 6 of that portion of the plaintiff's Complaint entitled "Parties".

## SECOND DEFENSE
## "Statement of Facts"

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 or 24 of that portion of the plaintiff's Complaint entitled "Statement of Facts" and, therefore, leaves the plaintiff to his proof thereof.

## THIRD DEFENSE
## "Conclusion"

1. This defendant specifically denies the allegations contained in paragraphs 25 and 26 of that portion of the plaintiff's Complaint entitled "Conclusion".

2. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 27 or 28 of that portion of the plaintiff's Complaint entitled "Conclusion" and, therefore, leaves the plaintiff to his proof thereof.

## FOURTH DEFENSE
## "Prayer for Relief"

1. This defendant denies that plaintiff is entitled to any of the relief sought in paragraphs 29, 30 or 31 of that portion of the plaintiff's Complaint entitled "Prayer for Relief".

2. This defendant makes no response to the statement contained in paragraph 32 of that portion of the plaintiff's Complaint entitled "Prayer for Relief" inasmuch as said statement requires no response on the part of this defendant; however, this defendant leaves to this Honorable Court the decision as to which Judge this matter may be assigned

**FIFTH DEFENSE**

This defendant denies any and all remaining and heretofore unanswered allegations contained in the plaintiff's Complaint.

**SIXTH DEFENSE**

This defendant expressly denies that the plaintiff is entitled to judgment against him for any reason or cause.

**SEVENTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

**EIGHTH DEFENSE**

Without assuming the burden of proof by so doing, this defendant asserts all applicable defenses relating to assumption of the risk.

**NINTH DEFENSE**

In the event the plaintiff suffered injuries or damages as a result of the incidents complained of in his Complaint, which allegations are specifically denied by this defendant, then, this defendant avers that such injuries or damages were not caused, directly or indirectly, by any acts or omissions of this defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this defendant for which acts or omissions this defendant is not liable.

**TENTH DEFENSE**

This defendant specifically denies that he is guilty of negligence.

**ELEVENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with the plaintiff=s failure to state a claim upon which relief may be granted.

**TWELFTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with lack of personal jurisdiction.

**THIRTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with improper service of process.

**FOURTEENTH DEFENSE**

Without in any way assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the Statute of Limitations.

**FIFTEENTH DEFENSE**

This defendant reserves the right to supplement or amend his Answer to plaintiff's Complaint by adding such further affirmative defenses or other defenses as facts become known or discovered during the course of pretrial discovery.

**SIXTEENTH DEFENSE**

The plaintiff has improperly and unlawfully asserted an *ad damnum* clause to his Complaint which properly should be stricken.

WHEREFORE, defendant Michael Poshkus, M.D. respectfully prays that the plaintiff be awarded no relief by and through the above-captioned action, that this Honorable Court grant judgment in favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys= fees and costs incurred in the defense of the above-entitled action.

Defendant, Michael Poshkus, M.D.
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias
___________________________________
Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

**JURY DEMAND**

Defendant Michael Poshkus, M.D.hereby claims a trial by jury and designates Jay M. Elias, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 25th day of September, 2007, to the following:

***Legal Mail/Confidential***
Mr. Jirah Eric Kelley, ID #96357
Box 8274
ACI Medium
Cranston, RI 02920

/s/ Jay M. Elias
___________________________________

I hereby certify that on this 25th day of September, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

/s/ Jay M. Elias