**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JIRAH ERIC KELLEY** | : | |
| ***Plaintiff*** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-341ML** |
| | : | |
| **GOVERNOR DONALD CARCIERI;** | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **WARDEN BOYD;** | : | |
| **DR. MICHAEL POSHKUS;** | : | |
| **RHODE ISLAND BOARD OF HEALTH;** | : | |
| **RHODE ISLAND FIRE MARSHALL** | : | |
| ***Defendants*** | | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL POSHKUS' OBJECTION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, PROTECTIVE ORDER**

Defendant Michael Poshkus, M.D. hereby submits this Memorandum of Law in Support of his Objection to Plaintiff's Motion for a Preliminary Injunction, Protective Order.

## ARGUMENT

Jirah Eric Kelley (the "Plaintiff") has filed a motion requesting that this Court enter a protective order or preliminary injunction in his favor. Plaintiff seeks to prevent the above-named defendants (collectively the "Defendants") from engaging in any retaliatory measures against him. As a protective order is applicable to a party's right to engage in certain legal procedures, rather than to the type of relief sought by Plaintiff, this memorandum exclusively addresses Plaintiff's right to a preliminary injunction. See Black's Law Dictionary 992 (7th ed. 2000) (A protective order is defined as "[a] court order prohibiting or restricting a party from

engaging in a legal procedure (esp. discovery) that unduly annoys or burdens the opposing party or a third-party witness.")

In support of his claim for injunctive relief, Plaintiff avers that the Defendants commonly engage in retaliatory measures in response to an inmate's decision to pursue recourse in the courts. Specifically, Plaintiff claims that the Defendants utilize methods such as excessive force, police brutality, harassment and segregation. Plaintiff, however, has failed to offer any evidence in support of these claims.

In order to obtain preliminary injunctive relief, a plaintiff has "the burden of showing (1) a likelihood of success on the merits; (2) that they would suffer irreparable injury if injunctive relief were not issued; (3) that such injury outweighs any harm that would stem from granting injunctive relief; and (4) that the public interest weighs in their favor." R.I. Dep't of Largess v. Supreme Judicial Court, 373 F.3d 219 (1st Cir. 2004); see also Envtl. Mgmt. v. United States, 304 F.3d 31, 45 (1st Cir. 2002). In this instant, Plaintiff has failed to satisfy his burden as to any of the above elements for injunctive relief. Most notably, Plaintiff has failed to demonstrate that he would suffer irreparable harm were this Court not to issue a preliminary injunction. As stated above, Plaintiff has offered no evidence to substantiate his claim that the Defendants are likely to retaliate against him for pursuing this legal action. Simply, there is no evidentiary support for such a claim. As a result, Plaintiff has failed to satisfy the above standard and his claim for injunctive relief must fail.

WHEREFORE, Defendant Michael Poshkus, M.D. respectfully submits that Plaintiff's Motion for a Preliminary Injunction, Protective Order should be denied.

Defendant, Michael Poshkus, M.D.
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias
__________________________________
Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 25th day of September, 2007, to the following:

***Legal Mail/Confidential***
Mr. Jirah Eric Kelley, ID #96357
Box 8274
ACI Medium
Cranston, RI 02920

/s/ Jay M. Elias
__________________________________

I hereby certify that on this 25th day of September, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

/s/ Jay M. Elias
__________________________________