# United States District Court

DISTRICT OF

RHODE ISLAND

JIRAH ERIC KELLEY # 07-341 ML

V.

GOVERNOR CARCIERI

MOTION FOR AN INJUCTION THAT ALLOWS PLAINTIFF TO ASSIST OTHER INMATES IN THE CAPACITY AS A JAIL HOUSE LAWYER.

AND A PROTECTIVE ORDER BARRING RETALIATION.

Currently Warden Boyd (a defendant) and Deputy Warden Kasyzk have prohibitted the plaintiff from assisting other inmates with legal endeavors.

The defendant (Boyd) has made a direct statement that this plaintiff will be in "trouble" if he helps other inmates because he is "not a law clerk", but these officials refuse to give the plaintiff a law clerk job, although he is the (MOST) qualified in the entire prison.

The law library is grossly inadequate and there are countless illiterate inmates that need asssitance.

Some of the issues that need to be reviewed and litigated involve the entire class (and the defendants have violated due process protections and access to courts by prohibiting this plaintiff from assisting and/or acting in unison with fellow inmates.

Jirah Eric Kelley

11/27/07

not be continuous.[277]

Courts are quick to dismiss claims about denial of supplies if there is no evidence that the plaintiff was actually harmed.[278]

### 4. "Jailhouse Lawyers"

Some inmates--often referred to as "jailhouse lawyers" or "writ-writers"--try to help others with their legal problems even if they are not part of an official legal assistance program. The Supreme Court has held that prison authorities cannot prohibit prisoners from helping each other with legal matters unless they provide reasonable alternative forms of assistance.[279] *

In a situation where those alternatives do not exist, prison officials may not retaliate against jailhouse lawyers for their litigation activities.[280] Conversely, jailhouse lawyering on behalf of other inmates can be prohibited if adequate alternatives for court access are provided.[281]

F.2d 389 (2d Cir. 1988); Salahuddin v. Coughlin, 591 F.Supp. 353, 361 (S.D.N.Y. 1984).

277 Dugar v. Coughlin, 613 F.Supp. 849, 854 (S.D.N.Y. 1985) (five days a week was not required); Robbins v. South, 595 F.Supp. 785, 789 (D.Mont. 1984) (two days a week was sufficient); Kendrick v. Bland, 586 F.Supp. at 1554 (delays in notarization were not unconstitutional); *see also* Rodriguez v. Barreiro, 165 A.D.2d 969, 561 N.Y.S.2d 857 (N.Y.App.Div. 1990) (notary services two days a week did not violate state regulations)

Keep in mind that in federal court and in some other federal proceedings, notarization is not required; you may submit a declaration under penalty of perjury under 28 U.S.C. § 1746. Duncan v. Foti, 828 F.2d 297 (5th Cir. 1987). One court has held that in a state whose statutes, like federal statutes, permitted the filing of non-notarized documents, refusal to notarize does not deny court access. Martin v. Davies, 917 F.2d 336, 341 (7th Cir. 1990), *cert. denied*, 111 S.Ct. 2805 (1991).

278 Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986); Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982); Kershner v. Mazurkiewicz, 670 F.2d 440, 444 (3d Cir. 1982).

279 Johnson v. Avery, 393 U.S. 483, 490, 89 S.Ct. 747 (1969); *accord*, Munz v. Nix, 908 F.2d 267, 268 n. 3 (8th Cir. 1990); Corpus v. Estelle, 551 F.2d 68 (5th Cir. 1977); Wetmore v. Fields, 458 F.Supp. 1131, 1144 (W.D.Wis. 1978); Wade v. Kane, 448 F.Supp. 678, 684 (E.D.Pa. 1978), *aff'd*, 591 F.2d 1338 (3d Cir. 1979).

The courts generally agree that jailhouse lawyers do not have the "right" to assist other inmates. Munz v. Nix, 908 F.2d at 268 n. 3. Rather, other inmates have the right to be helped by jailhouse lawyers. The jailhouse lawyers are viewed by many courts as having "standing" to assert the rights of the inmates who need their help. Rhodes v. Robinson, 612 F.2d 766, 769 (3d Cir. 1979); Buise v. Hudkins, 584 F.2d 223, 227-28 (7th Cir. 1978), *cert. denied*, 440 U.S. 916 (1979); Munz v. Nix, 908 F.2d 267, 268 n. 3 (8th Cir. 1990). *Contra*, Adams v. James, 784 F.2d 1077, 1080-82 (11th Cir. 1986); *see also* Gometz v. Henman, 807 F.2d 113, 115 (7th Cir. 1986) (questioning earlier standing decisions). Standing is discussed in Ch. VIII, § J.1.

If other prisoners have adequate legal assistance without jailhouse lawyers, interference with jailhouse lawyering does not violate their rights. Smith v. Maschner, 899 F.2d 940, 950 (10th Cir. 1990); Gassler v. Rayl, 862 F.2d 706, 708 n. 3 (8th Cir. 1988); Gallipeau v. Berard, 734 F.Supp. 48, 53 (D.R.I. 1990).

280 Gibbs v. Hopkins, 10 F.3d 373, 379 (6th Cir. 1993); Adams v. James, 784 F.2d at 1880-82; Buise v. Hudkins, 584 F.2d at 227-31; Vaughn v. Trotter, 516 F.Supp. 886, 893-99 (M.D.Tenn. 1980); Wetmore v. Fields, 458 F.Supp. at 1145.

281 Flittie v. Solem, 827 F.2d 276, 280 (8th Cir. 1987); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981); Gallipeau v. Berard, 734 F.Supp. at 53; Farmer v. Carlson, 685 F.Supp. 1335, 1344-45 (M.D.Pa. 1988); Jeffries v. Reed, 631 F.Supp. 1212, 1217

(CASE law 1987 Supreme ct. cases.)

* The law library is grossly inadequate with the latest book being 2001. There are NO legal advocates and unqualified law clerks.

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**JOHN J. MORAN MEDIUM SECURITY FACILITY**
**MEMO**

**DATE:** January 29, 2007

**TO: ALL INMATES**
**DEPT:** Medium Security

**FROM: Lt. Jankowski**
**DEPT:** Medium Security—Education

Exhibit A

**SUBJECT: LAW LIBRARY PROCEDURE**

---

1. All approvals are for unlimited time
2. The law library is open everyday as follows:

   During morning recreation period: 8:30am-10:10am
   During afternoon recreation period: 12:30pm-2:10pm
   During night recreation periods: 6:00pm-8:15pm
3. You must make use of all the available law library hours
4. You must sign in whenever you're at the law library whether you're on a law pass or not.
5. * Under no circumstances should you be doing any other legal work besides your own.
6. The law library is used for researching the law and doing work for your own active cases.
7. If you fail to sign in, you will be considered absent and subject to losing your law pass.
8. You are allowed to be absent from the law library for the following reasons: Work-Educational-Religious-Medical –Court-Visits
9. If you are absent from the law library and your excuse is not listed above, do not assume that your excuse is a legitimate one.
10. Law pass request slips must be turned in between the 20th and the last day of every month.
11. If you do not receive a law pass request slip back or you are denied, submit another slip the Following month.
12. If you have questions regarding these or any other rules and guidelines for the law library, direct them to Lt. Jankowski during his office hours.

No helping fellow inmates violates the Supreame Court of the U.S. rulings.