**H**
Smith v. Florida Dept. of Corrections
Fla.App. 1 Dist.,2005.

District Court of Appeal of Florida,First District.
Glenn SMITH, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
**No. 1D03-4571.**

May 23, 2005.
Rehearing Denied Aug. 29, 2005.

**Background:** Inmate brought declaratory judgment action against Department of Corrections (DOC), seeking to have administrative rule allowing DOC to **charge inmates for photographic copying** services **declared invalid**, claiming rule exceeded Legislature's grant of rulemaking authority to DOC. The Circuit Court, Leon County, L. Ralph Smith, J., entered judgment declaring rule valid. Inmate appealed.

**Holding:** The District Court of Appeal, Wolf, C.J., held that inmate copying service rule **was not supported by specific grant of legislative authority**.

Reversed and remanded.
West Headnotes
**[1] Prisons 310 ⟹9**

310 Prisons
310k5 Officers and Employees
310k9 k. Powers and Duties. Most Cited Cases
Administrative rule allowing Department of Corrections (DOC) to charge inmates for photographic copying services was invalid exercise of delegated legislative authority; enabling statutes upon which DOC relied in imposing fees for copy services, rather than authorizing DOC to make monetary assessments for various services, simply authorized the collection of monetary assessments, in addition to setting forth general functions and responsibilities of DOC, along with rights of inmates. West's F.S.A. §§ 20.315, 120.52(8), 944.09, 945.04; Fla.Admin.Code Ann. r. 33-501.302.

**[2] Statutes 361 ⟹206**

361 Statutes
361VI Construction and Operation
361VI(A) General Rules of Construction
361k204 Statute as a Whole, and Intrinsic Aids to Construction
361k206 k. Giving Effect to Entire Statute. Most Cited Cases
Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.

***638 Appellant, pro se.**
Charlie Crist, Attorney General; Joe Belitzky, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
Appellant challenges a final judgment of the circuit court declaring valid certain portions of Rule 33-501.302 of the *Florida Administrative Code*. Appellant raises two points on appeal, one of which has merit and is dispositive. We conclude that the administrative rule which allows the Department of Corrections ("Department" or "DOC") to charge inmates for photographic copying services is not supported by a specific grant of legislative authority and is, thus, invalid. We reverse and remand for further proceedings consistent with this opinion.

[1] Appellant, a DOC inmate, along with fellow inmate Thomas P. Wells, Jr., filed a petition for declaratory judgment seeking to have those aspects of Rule 33-501.302 of the *Florida Administrative*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-00341-ML-LH Document 16-2 Filed 12/27/2007 Page 2 of 3

Fine or penalty imposed in addition to imprisonment, pardon or parole as affecting. 74 A.L.R. 1118.

Fine or penalty, recovery of, after pardon. 26 A.L.R. 1536.

License of physician, surgeon or dentist, pardon as defense to proceeding for suspension or cancelation. 126 A.L.R. 257.

Offense and convictions covered by pardon. 35 A.L.R.2d 1261.

Officer, pardon as preventing or nullifying removal. 143 A.L.R. 172, 70 A.L.R.2d 268.

Pardon as affecting consideration of earlier conviction in applying habitual criminal statute. 31 A.L.R.2d 1186.

Pardon as defense to disbarment of attorney, 59 A.L.R.3d 466.

Pardon as restoring public office or license or eligibility therefore, 58 A.L.R.3d 1191.

Public office, pardon as restoring eligibility to. 58 A.L.R.3d 1191.

Right to notice and hearing before revocation of conditional pardon. 29 A.L.R.2d 1074, 44 A.L.R.3d 306.

# CHAPTER 11

## NEW ENGLAND INTERSTATE CORRECTIONAL COMPACT

SECTION.
13-11-1. Title.
13-11-2. New England interstate corrections compact.
13-11-3. Powers of director of corrections.

**13-11-1. Title.** — This chapter may be cited as the New England interstate corrections compact.

**History of Section.**
P.L. 1960, ch. 90, § 1.

**Comparative Legislation.** New England Interstate Corrections Compact:

**Conn.** Gen. Stat. §§ 18-102 — 18-104.

**Mass.** Ann. Laws, Spec. L. §§ 113:1 — 113:3.

**13-11-2. New England interstate corrections compact.** — The New England interstate corrections compact is hereby enacted into law and entered into by this state with any other of the herein-after-mentioned states legally joining therein in the form substantially as follows:

### NEW ENGLAND INTERSTATE CORRECTIONS COMPACT

### ARTICLE I

### Purpose and Policy

The party states, desiring by common action to fully utilize and improve their institutional facilities and provide adequate programs for the confinement, treatment and rehabilitation of various types of offenders, declare that it is the policy of each of the party states to provide such facilities and programs on a basis of cooperation with one another, thereby serving the best interests of such offenders and of society and effecting economies in capital expenditures and operational costs. The purpose of this compact is to provide for the mutual development and execution of such programs of cooperation for the

(b) Subject to legislative approval by the states concerned and prior to the construction or completion of construction of any institution or addition thereto by a party state, any other party state or states may contract therewith for the enlargement of the planned capacity of the institution or addition thereto, or for the inclusion therein of particular equipment or structures, and for the reservation of a specific percentum of the capacity of the institution to be kept available for use by inmates of the sending state or states so contracting. **Any sending state so contracting may, to the extent that moneys are legally available therefor, pay to the receiving state, a reasonable sum as consideration** for such enlargement of capacity, or provision of equipment or structures, and reservation of capacity. Such payment may be in a lump sum or in installments as provided in the contract.

(c) The terms and provisions of this compact shall be a part of any contract entered into by the authority of or pursuant thereto, and nothing in any such contract shall be inconsistent therewith.

## ARTICLE IV

### Procedures and Rights

(a) Whenever the duly constituted authorities in a state party to this compact, and which has entered into a contract pursuant to article III, shall decide that confinement in, or transfer of an inmate to, an institution within the territory of another party state is necessary or desirable in order to provide adequate quarters and care or an appropriate program of rehabilitation or treatment, said officials may direct that the confinement be within an institution within the territory of said other party state, the receiving state to act in that regard solely as agent for the sending state.

(b) The appropriate officials of any state party to this compact shall have access, at all reasonable times, to any institution in which it has a contractual right to confine inmates for the purpose of inspecting the facilities thereof and visiting such of its inmates as may be confined in the institution.

(c) Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state and may at any time be removed therefrom for transfer to a prison or other institution within the sending state, for transfer to another institution in which the sending state may have a contractual or other right to confine inmates, for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the sending state; provided that the sending state shall continue to be obligated to such payments as may be required pursuant to the terms of any contract entered into under the terms of article III.