**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JIRAH ERIC KELLEY** | : | |
| ***Plaintiff*** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-341ML** |
| | : | |
| **GOVERNOR DONALD CARCIERI;** | : | |
| **DIRECTOR A.T. WALL;** | : | |
| **WARDEN JAMES WEEDEN;** | : | |
| **WARDEN BOYD;** | : | |
| **DR. MICHAEL POSHKUS;** | : | |
| **RHODE ISLAND BOARD OF HEALTH;** | : | |
| **RHODE ISLAND FIRE MARSHALL** | : | |
| ***Defendants*** | | |

**DEFENDANT MICHAEL POSHKUS M.D.'S MOTION TO COMPEL PLAINTIFF'S MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes Defendant Michael Poshkus, M.D. and hereby moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for entry of a twenty (20) day Order compelling Plaintiff Jirah Eric Kelley to provide more responsive answers to defendant's Interrogatories propounded on October 10, 2007. The defendant requests that the plaintiff fully respond to Interrogatories numbered 1 through 9, in the manner set forth below.

**INTERROGATORY NO. 1:** Please state your full name and any other names you have been known by, your present home address and your address at the time of the incident referred to in the Complaint, your educational background (listing all schools attended), your occupational background, business address, date of birth, driver's license number, present marital status, dates of each marriage and divorce (if applicable), name and present addresses of all spouses, and names and dates of birth of all children.

**ANSWER:** My name is Jirah Eric Kelly A,K,A, Richard Dickerson, Eric Dickerson and Rickey Kelley. My home address is 180 Highland St in Brockton, Massachusetts. I am currently unlawfully restrained in the Adult Correctional Institution in Cranston, Rhode Island. I

acquired my G.E.D. at 15 years old and subsequently attended Roxbury Community College, Fisher Jr. College, Blackstone School of Law, Mt Wachusett Comm. College, U.Mass. Boston, and North western University in Modesto, Calf. Some through correspondence and others personally attended. I have no spouse or children.

**MORE RESPONSIVE ANSWER SOUGHT:** This interrogatory specifically seeks the plaintiff's occupational background, date of birth of birth and driver's license number. This information was not provided. Accordingly, the defendant seeks a full and complete response to the interrogatory as phrased.

**INTERROGATORY NO. 2:** Please describe and explain, in detail, any and all injuries, whether physical, mental or emotional, you have allegedly suffered as referenced throughout your Complaint, including in your description and explanation for each such injury, the following:

a) Whether such injury was diagnosed by a medical professional and, if so, identify, by name and address, such medical professional and the date of such diagnosis;

b) Whether you believe such injury is permanent in nature and, if so, state the factual basis for such belief;

c) Identify and describe all documents or other tangible things relating to or containing information about such injury; and

d) Itemize in chronological order the nature and amount of each item of injury or damage you are claiming.

**ANSWER:** I have been subjected to permanent emotional and mental health exazerbation based on the deliberate indifference to mental health issues. (see statement of facts in the complaint.)

a) above/formentioned facts.
b) I have been confined to a double cell regardless of the clear, consise evidence that I have mental issues that prohibit double cell placement.
c) A affidavit from my former payee and Keeper Of S.S.D.I. records that I get SSDI for "numerous physchiatric problems" and that I can not (co-exist with others in close proximity.....

A criminal docket sheet where my illnesses resulted in a physical assault on a cellmate. Mental health diagnoises.

2(d) **DAMAGES**
DELIBERATE INDIFFERENCE: $10,000.00 (Ten Grand)
INADEQUATE MENTAL HEALTH TREATMENT: $10 Grand
COERSMENT TO CAUSE INJURY: $20,000,00 (20 Grand)
MISDIAGNOISES (27,000.00) 27 thousand PLACING ME ON PSYCH OBSERVATION AS "A THREAT TO OTHERS" then taking me off without Dr. authorization and placing me in a (double cell) awaiting a episode to punish me. $45,000.00 FAILURE TOO COMPLY WITH THE DISABILITY ACT: $10,000.00

**MORE RESPONSIVE ANSWER SOUGHT:** In subsection (a) of his answer, the plaintiff references the "above/forementioned (sic) facts." It is unclear what the plaintiff is referring to. The defendant seeks to have the plaintiff specifically state whether his alleged injuries have been diagnosed by a medical professional, the identity of such medical professional, and the date of diagnosis. With respect to subsection (b), the defendant seeks to have the plaintiff state whether he believes that any of his alleged injuries are permanent.

**INTERROGATORY NO. 3:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant violated 42 U.S.C. § 1983, and if you are alleging that he did, state the factual basis for the allegation and for each alleged fact, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation

**ANSWER:** The defendant **HAS** violated my constitutional rights resulting in a viable 42 U.S.C. Sec. 1983 claim in his personal and professional capacity.

**MORE RESPONSIVE ANSWER SOUGHT:** The plaintiff has failed to set forth the factual basis for his allegation, as requested. The plaintiff has also neglected to respond to

subsections (a) and (b) of this interrogatory. As such, the defendant seeks a full and complete response to the interrogatory as phrased.

**INTERROGATORY NO. 4:** With respect to the claims in your Complaint, state whether or not you are alleging this defendant violated your civil and/or constitutional rights, including, but not limited to, your rights protected by the Eighth Amendment, and if you are alleging that he did, then state what specific rights he deprived you, indicating the factual basis for each such allegation, and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each of your allegations and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**ANSWER:** SEE COMPLAINT (FACTS)

**MORE RESPONSIVE ANSWER SOUGHT:** The plaintiff has essentially failed to provide an answer to this interrogatory. A general reference to the Complaint does not serve as a sufficient response. The defendant seeks a full and complete answer to the interrogatory as phrased.

**INTERROGATORY NO. 5:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant was negligent and, if you are alleging that he was, then state the factual basis for the allegation and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each allegation.

**ANSWER:** SEE COMPLAINT (FACTS)

**MORE RESPONSIVE ANSWER SOUGHT:** The plaintiff has essentially failed to provide an answer to this interrogatory. A general reference to the Complaint does not serve as a sufficient response. The defendant seeks a full and complete answer to the interrogatory as phrased.

**INTERROGATORY NO. 6:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant committed medical malpractice and, if you are alleging that he did, then state the factual basis for the allegation and for each such allegation, provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each allegation.

**ANSWER:** SEE COMPLAINT (FACTS)

**MORE RESPONSIVE ANSWER SOUGHT:** The plaintiff has essentially failed to provide an answer to this interrogatory. A general reference to the Complaint does not serve as a sufficient response. The defendant seeks a complete answer to the interrogatory as phrased.

**INTERROGATORY NO. 7:** With respect to the claims in your Complaint, state whether or not you are alleging that this defendant knew or should have known about the mental health issues from which you are alleged to be suffering and, if you are alleging that he did know or should have known, then state the factual basis for such allegation and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegations and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**ANSWER:** Based on all documentation, the defendant (DID) know that I had mental issues, which prohibit double bunking and that I need mental care.

**MORE RESPONSIVE ANSWER SOUGHT:** The plaintiff has failed to set forth the factual basis for his allegation, as requested. The plaintiff only makes a vague reference to "all documentation." The plaintiff has also neglected to respond to subsections (a) and (b) of this interrogatory. As such, the defendant seeks a full and complete response to the interrogatory as phrased.

**INTERROGATORY NO. 8:** Identify by name and address each person, including this or any other defendant, to whom you claim to have shown or conveyed documentation that demonstrated your alleged mental health issues, including but not limited to anxiety disorder and intermittent explosive disorder. For each incident where you showed or conveyed such documentation to any person, please set forth the following information: the name and address of the person, the nature of the documentation, the time and place of each incident, and identify all persons believed by you to be present or having knowledge pertaining thereto.

**ANSWER:** WARDEN BOYD, LT. CERESI, JUDY TASSLE, DEPUTY DIRECTOR JAKE GADSDEN, POSHKUS AND THE PHYS. Drs.

**MORE RESPONSIVE ANSWER SOUGHT:** The plaintiff has failed to provide a complete response. This interrogatory specifically seeks to have the plaintiff identify the nature of the mental health documentation that he has allegedly shown to the above individuals. The interrogatory also asks for the time and place of each incident and the identity of all persons having knowledge of such incident. The plaintiff has not provided this information. Therefore, the defendant seeks a full and complete response to the interrogatory as phrased.

In addition, it is unclear as to whom the plaintiff is referring to with the phrase "THE PHYS. Drs." The defendant seeks to have the plaintiff clarify this language.

**INTERROGATORY NO. 9:** With respect to the allegations in your Complaint, state whether or not you are alleging that this defendant was responsible for the supervision or monitoring of any person responsible for the injuries or damages you claim, including any other defendant, and if so, then state the factual basis for each such allegation and provide the following information:

a) The identity and address of all persons having knowledge of the truth or falsity of each such allegation and, with respect to each person, identify the specific facts of which they are aware; and

b) Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each such allegation.

**ANSWER:** Dr. Poshkus had a mandated, swoarn duty to supervise all medical/mental health matters. He is the (2nd.) highest paid official for the R.I.D.O.C. and misappropriated funds for mental and medical treatment. At trial, the MEDIA will be privy to the Intake Units mental treatment that includes, but is not limited to a freezing cold cell, naked shacklings, urine and feces and other conditions of confinement that the mentally ill prisoners are subjected to. 4 mentally prisoners (2 from maximum security and (2) from medium security will testify, and a criminal complaint to the Rhode Island F.B.I. and Mental Health (prison rights watchdogs) will also follow.

**MORE RESPONSIVE ANSWER SOUGHT:** The answer provided by the plaintiff is non-responsive to the question as phrased. The interrogatory specifically requests that the plaintiff state whether he is alleging that Dr. Poshkus "was responsible for the supervision or monitoring of any *person* responsible for the injuries or damages you claim" and the factual basis for any such allegation. The plaintiff has not answered this inquiry. Accordingly, the defendant seeks a full and complete response to the interrogatory as phrased.

Defendant, Michael Poshkus, M.D.
By his attorneys,

**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 401.331.3440 [Fax]
E-Mail: jelias@rbhelaw.com

## CERTIFICATION OF GOOD FAITH

Please be advised that the undersigned counsel for the defendant has conferred with the plaintiff in a good faith attempt to resolve the above-mentioned dispute prior to filing of the instant motion and that said parties are unable to resolve same.

/s/ Jay M. Elias

Jay M. Elias, Esquire (#3050)

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 17th day of January, 2008, to the following:

***Legal Mail/Confidential***

Mr. Jirah Eric Kelley, ID #96357
Box 8274
ACI Medium
Cranston, RI 02920

/s/ Jay M. Elias

I hereby certify that on this 17th day of January, 2008, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Michael B. Grant, Esquire
Department of Corrections
40 Howard Avenue
Cranston, RI 02920

/s/ Jay M. Elias

*MTC MRATIs*