# United States District Court

DISTRICT OF

Jirah Eric Kelley

V.

Gov. Carcieri et,al.

#07-341 ML

Plaintiffs Motion For an Injunction verse Defts Boyd and Poshkus for iniciating retaliation for this civil action.

The Plaintiff, Pursuant to Rule 65 requests an injunction verse deft. Boyd and Poshkus because of their retalitory, egregious, malicious, evil minded, deliberate actions. These actions are but not limited to;

1) Punitive segregation absent any disciplinary infraction and refusal to classify.
2) confiscation of plaintiffs legal documents.
3) Denial of law library access and photocopies.
4) Denial of mental health treatment.

Truly stated;
Jirah Eric Kelley (Pro se)
3/14/08

Certificate of Service

Haines v. Kerner >

A word for word (memory) recollection of this motion was sent to Atty. Elias with the good faith request to check the docket to ~~sort~~ Suitably oppose it due to denial of Photo copy. Jirah E Kelley 3/14/08

pg #2 Kelley v. Carcieri #07-341ML

Punitive Segregation

1) The plaintiff had a altercation with his cell mate and became afraid for his life or that he would hurt him, as plaintiff has contended, asserted and pled to this court with supporting documentation. (cell mates [illegible] & mental issues)

Plaintiff informed the nursing staff that he was afraid and there was a strong liklihood that he would be forced to hurt the cell mate and or be hurt by him or his many fellow gang members.

Plaintiff was placed on Physchiatric watch (observation status).

After several letters to deft. Boyd he refuse to implement policy to place the plaintiff in another building to secure his safety and security needs. He is rather allowing plaintiff to experience putative confinement so that he can (torture) retaliate in a punishment manner because of plaintiffs litigation in this court.

# Confiscation of Plaintiffs Legal Work

2) upon arrival in the segregation unit, Plaintiff was provided with a limited, small segment of his legal documents. Due to special concerns and sheer idle bordem that (Punitive) segregation denotes, Plaintiff sifted through his legal work and disregarded a vast amount (disposed of). this created the space for the rest of the work.

Plaintiff has written several requests to Property officer frank vessella to provide him with his legal documents because plaintiff has one Pro se criminal appeal and 3 civil actions with time frames and deadlines and discovery and needed material in vessalla's care and constructive custody. vessalla refuses to relinquish Plaintiffs property and told the block officer the warden (deft. Boyd.) doesn't want "Kelley" to have any legal artillery" Plaintiff cant comply with deft. Poshkus discovery request. see (motion for extension on discovery compel)

# Denial of Law Library Access.

3) The plaintiff is not allowed to go to the law library. there is a old storage closet with a cart of old disgarded law books. The inmate law clerks come once a week but cannot perform research, Shepperdizing and other necessitated law work for this plaintiff.

Many (sensitive) protective custody or informant related documentation can not be given to these (inmate) law clerks who are known to circulate documents and spread information of this sort. the 8 day minimum wait for copies grossly hinders speedy filing process.

The plaintiff is being denied law library (meaningful) access pursuant to Bonds v. Smith and Casey v. Lewis in retaliation for this litigation.

# Denial of Mental Health Treatment.

After being Placed on Physc. observation in segregation, the plaintiff was denied treatment for 2 weeks. he was/is "bugging out" and his (emergency) placement warrants, mandates, immediate physchiatric treatment.

The old nurse, who distributes medication in the morning to the segregation inmates told the plaintiff, "this is what happens when you want to sue the medical staff" (implying deft. Poshkus) she refused to give plaintiff her name. upon request.

when plaintiff finally had a appointment with the Phys. Dr. he started to tell him about the long delay, and how he's had a mental relaspe (hearing voices) ect. and the nurse ("Rose") interjected saying, to bad, your not here for a "grievance" department (not verbatim) but to that effect.

pg.#6 denial of mental health (continued)

plaintiff then told the nurse (Rose) (verbatim) you shouldn't even be here it's breach of confidentiality and unethical for you to hear Dr. Priveledged information. She then said to the officer (who was also present during a physchiatric interview) take him out of here "he waives his right to treatment" Plaintiff still has not seen the pyschiatrist and is in a feeble, discombobulated groggy, eractic, stressful, mode and verbally under attack by demonic forces, Principalities and wickedness in high places. The nurses are handing plaintiff (unknown) medication and telling him to take it or be "put on suicidal watch" and plaintiff is by no means suicideal but the watch is the cruelest form of torture and punishment these defendants have. Ass naked freezing cold, no matrass on a iron slab. plaintiff takes the Poison!

pg #7

## Conclusion

Plaintiff filed a motion for a protective order with this court because he has seen first hand what ~~these~~ defendants do to litigators that seek redress with the courts. They are now clearly doing it in a evil minded, deliberate fashion, and they are banking on the court allowing it (Again) so inmates will be afraid to seek their constitutional rights in the USDC Jurisdiction. Inmates in Rhode Island are so afraid to file law suits and (always) get repercutions and punishment of all manner. The Court docket is flooded with injunctive, protective motions and exhibIts in support with No protective measures being ORDERED. In the name of Justice and the swoarn oath to protect rights Please intervene and send a Judicial message to cease.

Clarence Darrow - American Lawyer - 1930:
"As long as the world shall last there will be wrongs, and if no man objected and no man rebelled, those wrongs would last forever."





# Prayer for Relief
## Injunction

A) ~~a~~ Order the Deft. Boyd to immediatly institute classificational procedures to transfer Plaintiff to a placement that meets his safety and security needs.

B) Grant plaintiff partial Summary Judgement of $ 3,500.00 (three thousand five hundred)

c) And any other ~~other~~ orders suitable.

Truly;

Jinah Eric Kelley (pro se)

Box 8274
ACI Segregation
Cranston, R.I
02920

* note please notice the declining State of plaintiffs writing as the medication he was forced took its tole! toll

# United States District Court

DISTRICT OF

RHODE ISLAND

JIRAH ERIC KELLEY # 07-341 ML

V.

GOVERNOR CARCIERI

# LEGAL MEMORANDUM

Dear R.I.D.O.C. parties (aforementioned);

This is a "Good Faith" claim letter and final exhaustation of administrative remedies, pursuant to the Prison Litigation Reform Act of 1995 42 U.S.C. Sec. 1997 E(A) AND McCARTHY V. MADISON 503 U.S.

I here-by respectfully request that the internal administration acknowledge and remedy the following complaints as outlined in;

WHITLEY V. HUNT 158 F3d. 882
WEINBERGER V. SALFI 422 U.S. 799

Lack of timely, and expediant response renders any exhaustion oppisition moot and demonstrates additional liabilty and egregious, arbitrary measures.

ABNEY V. McGINNIS 2004 App. Lexis 17238
JOHNSON V. TESTMAN U,S. App. Lex. 17236

Jirah Kelley 3/13/08