# United States District Court

DISTRICT OF Rhode Island

Jirah Kelley

v.

Governor Carcieri

#07-341ML

Amendment of complaint adding new defendants, new claims and extended prayer for relief verse Boyd and Poshkus in their personal capacities.

Now comes the plaintiff pursuant to F.R.Civ.P. R.15 and requests Amendmend of the complaint with the same nexus as to all those defendants. Plaintiff request that the following defendants be added.

1) Deputy Director Jake Gadsden (personal capacity
2) the nurse "Rose" last name not known.

and that current defendants (Boyd) and Poshkus are sued in their personal capacities.

Motion to Amend. Pg. #2 (continued)

Amended facts.

1) The nurse "Rose" would not allow the Plaintiff to have a confidential meeting with the Pyschiatrist. She breached medical confidentiality and had the plaintiff escorted to Segregation without needed mental health emergency treatment. Physcosis Plaintiff requests that the nurse known as "Rose" who refuses to provide her last name, is added as a defendant.

2) Deputy Director Jake Gadsden was informed by the clinical Physcologist that plaintiffs mental illness and fear for his safety warranted transfer to maxium security, but (Gadsden), who is/was in charge of classification refused to seek placement that addresses the plaintiffs safety and security needs.

pg #3 Amend. continued.

3) 2 continued) Gadsden has used his professional capacity to make a (Personal) decesion that is deliberatly indifferent to plaintiffs Safety and mental health. He is being sued in his personal and professional capacity with a request for a common law lein on his Property and assets until the conclusion of this case.

3) Dr. Poshkus current defendant has used his professional capacity to be delibertly indifferent to the Plaintiffs Safety, he was notified of the (medical) need for Placement, safety and classification, and he shunned his swoarn, ethical duty in retaliation for this litigation. Plaintiff request that he is being sued in his personal and professional capacity.

pg #4

Amendment (continued)

#4) Current defendant Boyd was informed by the male mental health clinician that defendant Boyd needed to place plaintiff in maxium security for his safety and mental heath needs. Based on retaliation for this litigation Boyd has refused to act in his care and custody capacity and implement protective, classificational (R.I.D.O.C. mandated policy for enemy and mental health.) Plaintiff requests amendmend in Boyds Personal capacity with a common law lein placed on his assetts until the ~~concolusion~~ conclusion of this litigation.

Plaintiff exhausted all grievable remedies and in addition contacted Capt. Amerault of Security, ~~@~~ Mass D.O.C. Internal Affairs chief Investigatur ~~Aaron~~ Aaron Alderson.

#4 continued) Warden Stephon Boyd
Defendant;

Was told on 3 (three) seperate instances by the plaintiff, that the plaintiff is in fear for his safety by enemies.

Boyd (refuses) to place plaintiff on protective status and iniciate mandatory classification for safety and security.

Based on this lawsuit (Boyd) is ~~[illegible]~~ deliberately indifferent with a evil eye to see this plaintiff subjected to mental harm and/or physical harm at the hands of other inmates.

[signature]
3/13/08

Pg #5A

Amendment continued

# United States District Court

DISTRICT OF

Rhode Island

Jirah Eric Kelley

V.

Gov. Don Carcieri et. al

## LEGAL MEMORANDUM

5) Prison officials are not immune from liabilities for official acts that deprive prisoners constitutional rights.

Procunier V. Navarette
434 U.S. 555, 55 LEd. 2d. 24
98 S.Ct. 855 (1978)

6) Respondent superior does not apply in federal civil rights actions

Mann V. Adams 846 F2d
789 (7th Cir. 1988)

pg. #6 Amendment (continued)
Memorandum continued.

#6) Plaintiff need not wait for harm to prevail on a Sec. 1983 deliberate indifference claim, because he has shown that the defendants knew about a risk to plaintiff and recklessly disregarded that risk. Farmer v. Brennan 511 U.S. 825, 114 S.Ct. 1970 (1994)

The prongs and its prodigy has established this claim;
1) The depriuation is "objectively sufficiently serious" (or) the conditions posed a substantial risk of harm, and the defendants had a "sufficiently culpable state of mind" I.D. at 834
See also; Manarite v. Springfield 957 F2d. 953, 956 (1st. Cir.) cert. denied 506 U.S. 837, 113 S.Ct. 113 (1992)

Pg #7 (~~??~~ Amendment continued)
Memorandum continued.

6 continued)

Prong 3; The agents acted unreasonably under settled law (and mandated institutional and classification policy)
See; St. Hilaire v. Laconia ~~???~~ 71 F3d. 20,24 (1st.Cir.) and also; Hunter v. Bryant 502 U.S. 224, 228 (1991)

7) Amended Prayer for Relief

deft. Boyd ($15,000.00 compensatory)
$65,000.00 punitive)
deft. Gadsen ($30,000.00 compensatory)
($ 3,500.00 (punitive)
nurse Rose deft. ($12,85) twelve dollars and eighty five cents.

Injunction for mandated Privacy with mental health Professionals in the ACI

Respectfully: Jinah Kelley (Pro se)
3/17/08

TO: Clerk (Pro se Writ) for
Magistrate Hagopian

from: Jirah Kelley (Pro se) ID 96357
Box 8274 ACI Segregation #6
Cranston, R.I. 02920

Re: Amendment of complaint
For Filing.
Kelley v. Carcieri
#07-341ML

Dear clerk Please find attached
Amendment of complaint and
relevant pleadings. (7 pages)
and motion for extension of
time to comply with discovery
order to compel for filing.

Jirah E. Kelley
3/18/08

Certificate of
Service motion to extend
and amend went to Atty. Elias for (1st class mail)
deft. Poshkus on 3/18/08
and Interdepartmental on
3/18/08 to fague Esq.
for R.I. D.O.C.

Haines v. Kerner

J.E.K. 3/18/08
Jirah Kelley