UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JIRAH ERIC KELLEY

v. C.A. NO. 07- 341 ML

GOVERNOR DONALD CARCIERI,
DIRECTOR A. T. WALL,
WARDEN JAMES WEEDEN,
WARDEN BOYD,
DR. MICHAEL POSHKUS,
RHODE ISLAND BOARD OF HEALTH,
RHODE ISLAND FIRE MARSHAL

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge.

Presently before the Court are numerous motions filed by *pro se* plaintiff, Jirah Eric Kelley: (i) a motion to enlarge time to serve process on all defendants except defendant Dr. Michael Poshkus ("First Motion to Enlarge Time to Serve Process") (Docket # 36); (ii) a motion to enlarge time to serve process on all named defendants ("Motion To Enlarge Time to Serve All Defendants") (Docket # 44); (iii) two motions to enlarge time to comply with discovery requests (together, "Motions to Enlarge Time to Comply with Discovery") (Dockets # 32 and 38, respectively); (iv) a motion to amend his complaint ("Motion to Amend") (Docket # 39); and (v) a motion entitled "Plaintiff's Motion for a Re-draft/Refiling of the litigation" ("Motion to Re-draft") (Docket # 46). Defendant Dr. Michael Poshkus has objected to all of plaintiff's foregoing motions, except the First Motion to Enlarge Time to Serve Process, which excludes him, and the plaintiff's request for dismissal of the case included in the Motion to Re-draft.

As discussed below, with the exception of the Motion to Re-draft, which shall be treated as a motion for voluntary dismissal and addressed in a separate Report and Recommendation, all of the foregoing motions are DENIED.

**DISCUSSION**

**I. Plaintiff's Motions to Enlarge Time to Serve Process**

**A. Plaintiff's Failure to Serve Process In Accordance with Rule 4(m)**

Plaintiff failed to serve process on the defendants within 120 days from the filing of his complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules"). Plaintiff explains that he never received summonses from the clerk of the Court, alleging that either the clerk did not send him the summonses or his mail was improperly intercepted by prison officials. He further states that he believed proper notice was given because counsel for Dr. Poshkus appeared in this case. Plaintiff filed two motions pursuant to Federal Rule 6(b) to enlarge time to effectuate service of process in an effort to cure his failure to serve process. Dr. Poshkus objects to plaintiff's Motion to Enlarge Time to Serve All Defendants.

**B. No "Excusable Neglect" Under Rule 6(b)**

Rule 6(b)(2) of the Federal Rules provides that, if the time for an action to be done under the Federal Rules has expired, a court may enlarge the time for such action upon motion made where the failure to act was the result of "excusable neglect." The Supreme Court has delineated four factors relevant to determining whether neglect is excusable: (i) reason for the delay, including whether it was within the reasonable control of the moving party; (ii) whether the moving party acted in good faith; (iii) danger of prejudice to the opposing party; and (vi) length

of delay and its potential impact on judicial proceedings. *See* Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Further, the first circuit has determined that the reason for delay or the nature of the neglect should be emphasized in assessing "excusable neglect." *See* Dimmitt v. Ockenfels, 407 F.3d 21 (1st Cir. 2005).

In the instant case, plaintiff's failure to serve defendants within the 120-day period cannot be deemed "excusable neglect." First, plaintiff delayed over six months between the time he filed his complaint and his filing of the instant motions to enlarge time. Also, whether or not plaintiff received the summonses, he was responsible for following the Federal Rules regarding service of process and had ample time to inquire as to the status of the summonses. *Cf.* Bailey v. Harleysville Nat. Bank & Trust Co., 2005 WL 174843 (E.D.Pa. 2005)(no good cause for delay in service despite court clerk's failure to send *pro se* plaintiff summons and provision of misinformation to plaintiff that he had 180 rather than 120 days for service of process because plaintiff was responsible for following the Federal Rules with respect to service of process). Further, although courts afford some degree of leniency to a *pro se* plaintiff who fails to effect service of process within the 120-day time frame despite diligent efforts, *see* D'Amario v. Russo, 750 F.Supp. 560, 563 (D.R.I. 1990), there is no evidence of a diligent effort by plaintiff in this case and neither *pro se* status nor the ignorance of the rules excuse timely service, *see* Riverdale Mills Corp. v. U.S. Dept. of Transportation, 225 F.R.D. 393, 395 (D.Mass. 2005).

**C. No "Good Cause" or Exercise of Discretion Warranted Under Rule 4(m)**

Additionally, Rule 4(m) itself directs courts to extend the time for service for an appropriate period if the plaintiff shows "good cause" for a failure to effectuate service within the allotted 120 day period. Fed.R.Civ.Pro. 4(m). Courts have equated "excusable neglect" under

Rule 6(b) with "good cause" required for relief under Rule 4(m). *See, e.g.*, Gray v. Derderian, 2007 WL 296212 (D.R.I. 2007). Accordingly, having found no "excusable neglect" under Rule 6(b), I also find no "good cause" for the delay exists under Rule 4(m) of the Federal Rules.

Rule 4(m) also provides courts with discretion to extend the time for plaintiffs to effectuate service even in the absence of "good cause." Fed.R.Civ.Pro. 4(m). However, in the instant case, the exercise of such discretion is not warranted. Circumstances considered include: (i) plaintiff's failure to make any attempt to effectuate service; (ii) the absence of any allegations of prejudice to plaintiff, such as a bar to refiling the action, if his complaint is dismissed; and (iii) the absence of any attempt by the defendants to evade service. *See* Gray, at 4 (factors in determining whether to exercise discretion under Rule 4(m) include whether: (1) the plaintiff diligently attempted to effectuate timely service; (2) the plaintiff would be prejudiced if his complaint were dismissed; and (3) the defendant evaded service or concealed a defect in attempted service).

### D. Conclusion

Accordingly, finding that enlargement of time is not warranted under either Rule 6(b) or Rule 4(m) of the Federal Rules, plaintiff's First Motion to Enlarge Time to Serve Process and plaintiff's Motion to Enlarge Time to Serve All Defendants are both **DENIED**.

## II. Plaintiff's Motions to Enlarge Time to Comply With Discovery

On February 11, 2008, the Court granted various motions by Dr. Poshkus to compel plaintiff's response to discovery requests, ordering plaintiff to respond by March 4, 2008 ("Discovery Order"). Plaintiff failed to comply; however, he filed two motions to enlarge time to comply with discovery, both presumably pursuant to Rule 6(b) of the Federal Rules. Plaintiff

claims that he never received the Discovery Order and that his legal documents have been confiscated thereby preventing him from complying with discovery requests. Dr. Poshkus objects to both motions.

As discussed above, Rule 6(b)(2) permits courts to grant a party's motion to extend the time within which an act must be done if the party's failure to act resulted from "excusable neglect." Fed.R.Civ.Pro. 6(b)(2). Here there is no "excusable neglect" for plaintiff's failure to respond to Dr. Poshkus's discovery requests and comply with the Discovery Order. Plaintiff received Dr. Poshkus's discovery request more than five months before he filed the instant motion, and he had ample time to comply with the requests. Accordingly, plaintiff's Motions to Extend Time to Respond to Discovery are **DENIED**.

## III. Plaintiff's Motion to Amend His Complaint

On March 26, 2007, plaintiff filed the Motion to Amend pursuant to Rule 15 of the Federal Rules seeking to add four defendants and amend his prayer for relief. Dr. Poshkus has objected to the motion to amend to add him as a defendant in his personal capacity.

Rule 15(a) provides that a plaintiff may amend his complaint as a matter of course prior to being served with a responsive pleading, and that, thereafter, a party may amend his pleading by leave of the court, which leave "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a). However, since plaintiff has failed to properly serve defendants pursuant to Rule 4(m) of the Federal Rules and plaintiff's motions to enlarge time to serve defendants have been denied, an amendment here would be futile. *See* Forman v. Davis, 371 U.S. 178, 182 (1962) (citing "futility of amendment" as a reason to deny a motion to amend). Accordingly, plaintiff's Motion to Amend is **DENIED**.

**IV. Plaintiff's Motion To Re-Draft**

Finally, plaintiff filed the Motion to Re-draft requesting the Court dismiss his action. This motion shall be treated as a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules and will be addressed in a Report and Recommendation to be submitted separately.

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
May 19, 2008